Eileen **RAZZANO**, a minor, by Vincent M. Razzano, her father, and next friend, and Vincent M. Razzano and Esther Razzano, in their own right,

v.

Harold Walter **ERICSON**.

Civ. A. No. 19342.

United States District Court
E. D. Pennsylvania.

March 23, 1956.

Avram G. Adler, of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., of Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for defendant.

GRIM, District Judge.

On August 14, 1953, Eileen Razzano, an infant about six weeks old, was riding in an automobile driven by her mother, Esther Razzano, when the automobile was involved in a collision with an automobile driven by Harold W. Ericson. The child Eileen and the mother were injured. In the present action the child acting through its parents, and the parents Esther and Vincent Razzano for themselves, are suing Ericson to recover the respective damages suffered by each of the members of the family resulting from the accident. The Complaint has four counts. In the first count recovery is sought for the injuries to the child, Eileen. In the second count the parents seek recovery for the amount of Eileen's doctor and hospital bills and for the loss they will sustain by being deprived of the assistance, service and future earnings of Eileen. In the third count the mother, Esther Razzano, seeks to recover for her own personal injuries. In the fourth count the father, Vincent Razzano, seeks to recover for the amount of the damage to the automobile which he owned and which his wife was driving. He also seeks to recover the amount of his wife's medical and hospital bills and the loss which he has and will sustain by being deprived of the assistance and society of his wife.

Defendant Ericson has joined Esther Razzano and Vincent, her husband, as third party defendants in so much of the action as is set forth in the first count of the Complaint. No attempt has been made to join third party defendants in the claims described in the second, third and fourth counts of the Complaint. The husband is joined as a third party defendant on the contention that at the time of the accident, Esther, the wife, was operating the automobile as the agent of her husband.

The third party defendants, Esther and Vincent Razzano, have filed a motion to strike the third party action.

▉ The third party defendants contend that Eileen, being an infant child of Esther and Vincent Razzano, cannot sue her parents and that, therefore, Ericson cannot join the parents as third party defendants. It is well established, however, under Pennsylvania law, which controls this case since the accident happened in Pennsylvania, that parents of a child plaintiff can be joined as third party (additional) defendants under these circumstances. Puller v. Puller, 1955, 380 Pa. 219, 110 A.2d 175.

Accordingly, plaintiffs' motion to strike the third party action will be denied.

▉ The defendant, Ericson, has also filed a motion to sever the trial of the actions described in counts two, three and four of the Complaint from the action described in the first count. There is much merit in the contention that the trials under the second, third and fourth counts should be separated from the trial under the first count. In the trial under the first count the jury will have to consider the possibility of a third party verdict (for contribution) against the child's mother. Any third party verdict would have to be based on negligence of the mother. But in the trials under the

second, third and fourth counts there can be no recovery if the mother, Esther Razzano, should be found guilty of negligence (contributory negligence). All this would be likely to be confusing to a jury and probably because of this possible confusion the motion to sever should be granted. However, in my opinion, the question of whether or not the trials should be severed should be left to the discretion of the trial judge. Since I may not be the trial judge, the motion to sever will be denied at this time.

The motion to strike the third party Complaint and the Third Party Action is denied. The motion to sever the actions is denied.