Puller (et al., Appellant) *v.* Puller.

Argued November 10, 1954.  Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*William R. Klaus,* with him *Edward W. Madeira, Jr., Thomas E. Comber, Jr.* and *Pepper, Bodine, Frick, Scheetz & Hamilton,* for appellant.

*Robert A. Detweiler,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 3, 1955:

The question here presented involves the construction of a certain provision in a policy of automobile liability insurance.

An automobile owned and operated by John W. Puller in which his wife, Dorothy, and his minor daughter, Mary, were passengers, collided at a grade crossing with a locomotive of the East Broad Top Railroad and Coal Company. All three of them were injured and they brought an action in trespass against the Railroad Company. The latter obtained a severance of Puller's action and joined him as additional defendant in the suit of his wife and daughter on the ground that his negligence was a contributing cause of the accident. The jury returned verdicts in favor of the wife and daughter totaling $34,000.00 against both Puller and the Railroad Company as joint tortfeasors. The Railroad Company paid the verdicts in full and had the judgment entered thereon marked to its use against Puller, its purpose being to obtain from him contribution of one-half the amount thus paid.*

---

* Contribution may be enforced in an independent action for that purpose, but a shorter method, sanctioned by the authorities, is to have the plaintiff's judgment marked to the use of the defendant paying the judgment, thereby allowing such defendant,

Puller was insured in the State Farm Mutual Automobile Insurance Company. The Railroad Company, as use plaintiff, issued attachment executions against Puller naming the Insurance Company as garnishee. Interrogatories and answers thereto having been filed, the use plaintiff moved for judgment on the pleadings. The court denied the motion and, instead, entered judgment for the garnishee, from which judgment the use plaintiff now appeals.

Whatever may be the law in the majority of other jurisdictions (as to which see 19 A.L.R. (2d) 1003, et seq.), it is established in our own State that a tortfeasor has a right of contribution against a joint tortfeasor even though the judgment creditor be the latter's spouse, parent, or minor child; in other words, a tortfeasor may recover such contribution even though, for some reason, the plaintiff who has obtained a judgment against both of them is precluded from enforcing liability thereunder against the joint tortfeasor: *Kaczorowski v. Kalkosinski*, 321 Pa. 438, 440, 441, 184 A. 663, 664; *Maio, Executrix v. Fahs*, 339 Pa. 180, 188, 14 A. 2d 105, 109; *Rau v. Manko*, 341 Pa. 17, 22, 23, 17 A. 2d 422, 425; *Fisher v. Diehl*, 156 Pa. Superior Ct. 476, 483-486, 40 A. 2d 912, 916-918. The theory is that as between the two tortfeasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done. Undoubtedly, therefore, the use plaintiff in this case can recover from Puller half the amount of the judg-

by way of subrogation, to recover from the other defendant the proportionate amount of the judgment for the payment of which he is justly liable: *Goldman v. Mitchell-Fletcher Co.*, 292 Pa. 354, 141 A. 231; *City National Bank of Wichita Falls, for use, v. Atkinson*, 316 Pa. 526, 529, 530, 175 A. 507, 509; *Grasberger v. Liebert & Obert, Inc.*, 335 Pa. 491, 494, 6 A. 2d 925, 926; *Trerotolo v. Philadelphia*, 346 Pa. 222, 227, 29 A. 2d 788, 790.

ment it paid to Puller's wife and daughter. The question here, however, is whether the use plaintiff can make such recovery from Puller's insurance carrier, or, since the use plaintiff is merely entitled to take over Puller's right in that regard, whether Puller himself could recover from the Insurance Company the sum due by him to the use plaintiff under its claim for contribution.

The answer depends on the proper construction of a provision in Puller's insurance policy as follows: "This policy does not apply . . . (d) Under Coverage A, to bodily injury to or death of any employee of the insured . . . or to the insured or any member of the family of the insured residing in the same household as the insured."

Coverage A, referred to in exclusion (d), reads as follows: "Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . because of bodily injury . . . sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

We agree with the conclusion of the court below that, if the Insurance Company were compelled to indemnify Puller for the payment of his contribution to the use plaintiff, this would in effect be making the policy applicable, in contradiction of its express terms, to the liability imposed upon him by law for damages because of bodily injuries sustained by members of his family residing in his household. While the payment by Puller of his half of the plaintiffs' judgment would not be made to them direct but would be routed or relayed through the use plaintiff it would, to every practical intendment, constitute a payment by him to his wife and daughter on account of the dam-

ages they suffered because of bodily injuries sustained in the automobile accident. And if it be urged that the action of the use plaintiff against Puller for contribution is based, as previously stated, not on the tort itself, but on an implied equitable duty on his part to make such contribution to a joint tortfeasor (see *Parker, to use, v. Rodgers,* 125 Pa. Superior Ct. 48, 51, 52, 189 A. 693, 695), the obvious reply is that the coverage of the policy is expressly limited to the insured's liability to the persons who are the victims of the tort for the injuries they have sustained. Were it not for the policy of the law forbidding recovery in a tort action by a wife against her husband or by a minor child against a parent, so that the plaintiffs here would have been allowed to enforce liability directly against Puller, certainly the Insurance Company would not have been liable under the policy to indemnify him for any amount he might then have been obliged to pay them; why, then, should the Insurance Company be subjected to such liability merely because the insured's responsibility for the accident was shared by that of a joint tortfeasor? The well known reason for the exclusion clause of the policy is that it is intended as a protection against collusive claims. Such collusion, however, is obviously just as likely to feature an action where a joint tortfeasor is involved as where the insured is the only defendant.

The judgment for the garnishee is affirmed.