385 A.2d 460

**Gloria L. PAIANO, Appellant,**

v.

**The HOME INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Submitted June 23, 1977.

Decided April 13, 1978.

Edward D. Foy, Jr., Richboro, for appellant.

Frederick Ely Smith, Doylestown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This case arises on appeal from a summary judgment dismissing with prejudice two counts of a complaint sounding in assumpsit. The basis of the assumpsit counts is an alleged contractual obligation of The Home Insurance Company, appellee, to defend a personal injury action in which

appellant was a co-defendant and to pay the resulting judgment against her. Appellant's complaint also contained two counts sounding in trespass arising out of the same circumstances. They were also dismissed on an earlier motion but no appeal was taken.

The facts are these: on April 3, 1969, Gloria Paiano, the appellant, while accompanied by her minor son, John, was the operator of an automobile owned by her husband, Frank Paiano. She collided with a vehicle owned by Elmer E. Foulk as a result of which her son sustained certain injuries. A lawsuit was thereafter brought by Frank Paiano on behalf of himself and his son, John, against Elmer Foulk who was insured against this claim. Gloria Paiano, appellant herein, was joined by Foulk as an additional defendant.

Frank Paiano carried liability insurance with The Home Insurance Company, appellee herein. The policy contained an exclusion from bodily injury liability (Coverage A) which provided—

"This policy does not apply: (J) to bodily injury to (1) the named insured (Frank Paiano) or (2), if a resident of the same household as the insured, the spouse (Gloria Paiano), or any parent, son (John) or daughter of the insured . ."
(identifying names inserted)

Gloria Paiano, appellant and wife of the insured, called upon the insurance company to defend her. The insurance company refused on the basis of the above quoted exclusion.

A verdict was returned for $4,000 in favor of the son and $1,000 for the father. Judgment was entered against both defendants in favor of the injured son and his father. The insurance company, after receiving proper notice, again disclaimed coverage and refused to contribute the appellant's share of the joint judgment.

Subsequently Foulk instituted a separate action against the appellant for contribution and a judgment was entered against her in the sum of $2,697.38.

On August 5, 1975, Gloria Paiano filed suit against the appellee insurance company alleging in the assumpsit counts

that under its policy of insurance issued to her husband the insurance company was contractually obligated to provide legal representation and to defend any suit alleging bodily injury or damage arising out of the operation of the automobile which had been driven by her on April 3, 1969. The appellant further averred that the insurance company had failed to provide her with defense counsel or pay her share of the resulting judgment either in the suit brought by John Paiano in which she was joined as an additional defendant or in the ensuing suit by her co-defendant for contribution.

The insurance company, appellee herein, filed an answer to the complaint and thereafter, on the basis of answers to a request for admissions, moved for summary judgment. On June 28, 1976, the trial court granted the motion on the ground that no contractual duty rested upon the insurance company in the light of the exclusion of family members previously quoted. This appeal followed.

In passing upon a motion for summary judgment it is the court's function to determine whether there is an issue of fact to be tried. We must accept as true all averments of fact in the complaint which are well pleaded, including all reasonable inferences to be drawn from them: *Schacter v. Albert,* 212 Pa.Super. 58, 239 A.2d 841 (1968); *Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa.Super. 198, 280 A.2d 570 (1971).

In the light of the above guidelines we must determine whether the exclusionary clause of the insurance policy issued by the appellee is applicable and controlling. On its face the clause excludes from coverage bodily injury to John, the minor son of the insured.

The appellant challenges the legality of such an exclusion as unconscionable on the argument that family members extensively accompany one another in motor vehicles and the insured reasonably assumes his liability insurance covers them. However, a review of applicable case law establishes that exclusionary clauses indistinguishable from the one before us have been repeatedly sustained: *Puller v.*

*Puller,* 380 Pa. 219, 110 A.2d 175 (1955); *Great American Insurance Company v. State Farm Mutual,* 412 Pa. 538, 194 A.2d 903 (1963); *Patton v. Patton,* 413 Pa. 566, 198 A.2d 578 (1964); *Pennsylvania Manufacturers Association Insurance Company v. Aetna Casualty and Surety Insurance Company,* 426 Pa. 453, 233 A.2d 548 (1967), and *Home Insurance Company v. Monaco,* 405 F.Supp. 321 (D.C.Pa.1975), affirmed without opinion, 544 F.2d 512 (3 Cir. 1976).

■ Appellant's second contention is that the exclusion of the insured's family from liability coverage (Coverage A in the policy) is inconsistent with the uninsured motorist coverage mandated by the Uninsured Motorist Act of August 14, 1963, P.L. 909, 40 P.S. § 2000, as amended. As reflected in Coverage E of the policy here in dispute this coverage reads as follows:

> "The Company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by the accident and arising out of the ownership, maintenance or use of such *uninsured* highway vehicle;" (emphasis added)

The policy does not purport to exclude from the uninsured motorist Coverage E the insured's family members as it does under Coverage A. Indeed, it specifically insures "(a) the named insured and any relative". But the coverage is limited to reimbursement for bodily injury sustained by the insured (Frank Paiano) or a member of his family (son John) because of bodily injury inflicted by the owner or operator of an uninsured highway vehicle. It is the thrust of the uninsured motorist coverage to reimburse the physically injured party (the son), not the driver of a car which shares responsibility for the injury.

Elmer Foulk, against whom judgment was obtained and who successfully compelled contribution from Gloria Paiano, was not an uninsured motorist. He was insured and paid the claim growing out of the bodily injury sustained by John, the minor son of the insured. Consequently, the uninsured motorist coverage does not apply.

Nor is there any relevant interplay between the uninsured motorist Coverage E and the general liability Coverage A. The family exclusion which limits Coverage A and of which the appellant complains is not made applicable to uninsured Coverage E. Consequently there is no basis for contending either that the uninsured Coverage E applies to this case or that it nullifies in any way the application of the family exclusion in the general liability Coverage A.

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.