**Byron GROFF and Janiel Groff, h/w**

v.

**STATE FARM FIRE AND CASUALTY COMPANY.**

**Civ. A. No. 86–1668.**

United States District Court, E.D. Pennsylvania.

Oct. 24, 1986.

Richard E. Genter, Philadelphia, Pa., for plaintiffs.

Earl Britt, John McGrath, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

Cross-motions for summary judgment. Plaintiffs are the parents of a nine-year-old son who lost an eye in an accident involving a home-made bow and arrow discharged by another child. Plaintiffs are suing the other child's parents, and the owners of the premises on which the accident occurred, in the Court of Common Pleas of Bucks County, Pennsylvania. The defendants in that action have joined these plaintiffs as additional defendants, alleging improper supervision of minor plaintiff. In the present case, plaintiffs assert that the homeowner's insurance policy issued them by the defendant State Farm obligates the latter to provide them a defense in the state court action.

Under the terms of the policy, State Farm is required to provide a defense against claims within, or arguably within, the liability coverages of the policy. But the terms of the standard "household exclusion" contained in the plaintiffs' policy unmistakably exclude from coverage claims for bodily injury sustained by an "insured" as defined in the policy; and plaintiffs' minor son is plainly an "insured" within that definition, since he is a "relative" and resides in the same household as the named insureds. Thus, the policy unambiguously excludes coverage, and the defendant is not required to defend the state court action.

Counsel for plaintiff argues that this is a case of first impression, and that even if the policy unambiguously excludes coverage, the exclusion is contrary to public policy and should not be given effect. I find these arguments puzzling: *see, e.g., Paiano v. Home Insurance Co.,* 253 Pa. Super. 519, 385 A.2d 460 (1978) and the many cases there cited. As the courts in all of those cases recognized, private parties are generally free to decide what insurance coverage they want and will pay for, and insurance companies are free to decide what risks to undertake and what risks to reject. I am unaware of any public policy interests which would be served by mandating insurance of parents against personal injury claims brought by their minor children.

Plaintiffs' counsel concedes that "direct" claims by a child against his parents are not within the policy's coverage, and that this arrangement is entirely reasonable, given the potential for collusion in such circumstances. But it is suggested that when claims are made on behalf of the child against third parties, and the third parties seek to impose all or part of that liability upon the parents, the situation is entirely different. I disagree. The only liability being asserted against the parents in either situation is a claim for damages for the personal injuries suffered by the

child. The potential for collusion is virtually the same in either situation—at least in the sense that, if the insurance policy provided coverage, the parents would have no incentive to defeat or reduce the claim.

But in view of the clear language of the policy and the state of the decisional law of Pennsylvania, I need not explore these policy considerations. Defendant's motion for summary judgment must be granted.