## Neil v. Allstate Insurance Company

*John C. Carlin Jr.,* for plaintiffs.
*David J. Obermeier,* for defendants.

HORGOS, *J.,* February 2, 1988 — Plaintiffs Lester and Arlene Neil filed a declaratory judgment action against defendant, Allstate Insurance Company. The sole issue presented is whether the "family exclusion" clause contained in a homeowners' liability policy of insurance issued by Allstate to the

Neils is invalid and void as against public policy. The relevant facts are not in dispute. Allstate filed a motion for summary judgment and plaintiffs filed a cross motion for summary judgment. For the reasons set forth below, defendant's motion for summary judgment was granted and plaintiffs' cross motion for summary judgment was denied.

On July 18, 1984, plaintiffs' minor son, Adam Neil, was injured when struck by an automobile operated by Conrad Guenzel. As a result of the accident, the Neils filed a civil action against Conrad Guenzel on behalf of their son in the Court of Common Pleas of Allegheny County at GD 85-971 to recover damages.

Original defendant Guenzel joined Lester and Arlene Neil as additional defendants, alleging negligent supervision of their son, Adam. Original defendant Guenzel also joined as additional defendants Thomas and Susan Lordi, the owners of property on which was located shrubbery that allegedly obscured the vision of the original defendant and minor plaintiff so as to prevent them from observing one another prior to the accident. The Borough of Monroeville was also joined as an additional defendant for allegedly failing to enforce its zoning ordinance which limited the size of shrubbery within the borough.

Upon being joined as additional defendants in the action, Lester and Arlene Neil notified defendant Allstate Insurance Company for the purpose of seeking coverage under a homeowners' insurance policy issued to them by Allstate. Allstate, by letter dated March 13, 1985, denied coverage and a defense in the lawsuit to the Neils. Defendant Allstate based its denial of coverage on the following policy provision:

"We do not cover bodily injury to an insured person or property damage to property owned by an insured person."

The Neils then commenced the instant declaratory judgment action seeking a declaration that the foregoing insurance policy provision is invalid and void as against public policy.

Defendant Allstate subsequently filed a motion for summary judgment asserting that the policy provision in question precludes coverage and that the provision is valid and enforceable as a matter of law. Plaintiffs filed a cross-motion for summary judgment praying for the relief requested in the declaratory-judgment complaint.

The civil action at no. GD 85-971 resulted in a jury verdict in favor of the minor plaintiff on March 24, 1987 in the sum of $250,000, 40 percent of which the jury attributed to additional defendant, Arlene Neil. On October 6, 1987, the Honorable I. Martin Wekselman denied the post-trial motions of original defendant Guenzel and additional defendant Arlene Neil and entered judgment on the verdict of the jury.

Finally, the minor plaintiff, through his counsel, filed a petition to intervene in the instant declaratory-judgment action based on the minor plaintiff's direct interest in his parents' recovery of the proceeds of the homeowner's policy of insurance. This court granted the prayer of the petition and granted the minor plaintiff leave to intervene.

The language of the policy at issue is clear and unambiguous. Under the terms of the policy, Allstate agreed to coverage as follows:

"We will pay all sums arising from the same loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.

"We may investigate or settle any claim or suit for covered damages against an insured person. If an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are not true."

Under the heading, "Exclusions — Losses We Do Not Cover," the policy provides in relevant part:

"(2) We do not cover bodily injury to an insured person or property damage to property owned by an insured person."

"Insured person" is defined in the policy as follows:

"(3) 'Insured person' — means you and, if a resident of your household, any relative and any dependent person in your care."

The Neils' minor son, Adam, is an insured person under the definition stated in the policy. He was both a resident relative of the Neils' household and a resident dependent person in the Neils' care. The policy also clearly provides that bodily injury to an insured person is not covered. Defendant Allstate, therefore, under the unambiguous terms of the policy was under no obligation to provide coverage or a defense in the civil action.

When the court is presented with an insurance policy provision which is clear and unambiguous, it is not the function of the court to rewrite the policy or to give a construction inconsistent with the terms of the policy: *Garber v. Travelers Insurance Cos.*, 280 Pa. Super. 323, 325, 421 A.2d 744, 745 (1980).

Plaintiffs contend that the family exclusion clause is violative of public policy and, therefore, void and unenforceable. They rely on decisions which have abolished inter-family tort immunity in the commonwealth. This court, however, can find no appellate court decision which has expressed any public policy which is violated by a family exclusion clause,

despite the Pennsylvania Supreme Court's abrogation of spousal immunity in tort law in *Hack v. Hack,* 495 Pa. 295, 433 A.2d 859 (1981) and parental immunity in *Falco v. Pados,* 444 Pa. 372, 282 A.2d 351 (1971). Nor has the legislature, by statute, established any policy which mandated coverage of a bodily injury to a family member in a homeowners' policy of insurance.

In fact, a similar claim was rejected by the U.S. District Court for the Eastern District of Pennsylvania in *Groff v. State Farm Fire and Casualty Co.,* 646 F.Supp. 973 (E.D. Pa. 1986). In that case, plaintiffs were the parents of a minor son who was injured by another child. When plaintiffs filed an action against the child's parents, defendants joined the injured minor's parents on the basis of negligent supervision. The court held that the family exclusion clause contained in the relevant homeowner's policy precluded coverage for a contribution claim. The court stated:

"Counsel for plaintiff argues that this is a case of first impression, and that even if the policy unambiguously excludes coverage, the exclusion is contrary to public policy and should not be given effect. I find these arguments puzzling: see, e.g., *Pasiano v. Home Insurance Co.,* 253 Pa. Super. 519, 385 A.2d 460 (1978) and the many cases there cited. As the courts in all of those cases recognized, private parties are generally free to decide what insurance coverage they want and will pay for, and insurance companies are free to decide what risks to undertake and what risks to reject. I am unaware of any public policy interests which would be served by mandating insurance of parents against personal injury claims brought by their minor children." *Groff v. State Farm Fire and Casualty Co.,* 646 F.Supp. 973 (E.D. Pa., 1986).

A trial court may declare a contract void as violative of public policy only in clear cases. No appellate court or statute has enunciated any public policy which is violated by the family exclusion clause. As the Pennsylvania Supreme Court stated in *Mamlin v. Genoe,* 340 Pa. 320, 17 A.2d 407 (1941):

"In our judicial system the power of courts to formulate pronouncements of public policy is sharply restricted; otherwise they would become judicial legislatures rather than instrumentalities for the interpretation of law."

It should be noted that the legislature in Pennsylvania has not deemed it necessary to mandate the purchase of homeowners' insurance or regulate the coverage provided by such insurance policies. This may be contrasted with the statutory scheme which the legislature adopted in the No-fault Act, 40 P.S. 1009.101 (repealed) and the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 which mandate automobile insurance coverage. The legislature, by statute, requires certain coverage in automobile liability insurance policies. If a policy were to exclude the required coverage, a court must then look to the statute which supersedes the insurance policy. In the area of homeowners' insurance, however, no such legislative intent has been expressed and there is simply no statutory or regulatory basis on which this court could declare that the family exclusion clause is in violation of public policy.

Plaintiff further argues that the family exclusion clause violates public policy because the clause defeats the reasonable expectations of the insured. Pennsylvania courts, however, have consistently rejected this argument for coverage when faced with insurance policies containing exclusionary clauses consisting of clear and unambiguous lan-

guage. In *Votedeian v. General Accident Fire & Life Assurance Corp.*, 330 Pa. Super. 13, 478 A.2d 1324 (1984), plaintiffs argued that the preclusion of stacking underinsurance coverage in their automobile insurance policy violated public policy because it defeated the reasonable expectations of the insured. In rejecting this claim, the court stated:

"The language of the policy in this case is clear and unambiguous . . . Unless this provision violates public policy, it must be given effect. A court is not justified in deviating from the plain language of the policy except in rare instances. The import thereof cannot be avoided because appellants failed to read it or did not understand it. . . . (citations omitted). To hold that an insured has a 'reasonable expectation' that he will be able to stack coverage when the policy expressly prohibits stacking is disingenuous, if not absurd." 330 Pa. Super. at 17, 478 A.2d at 1326.

Similarly, in *Antanovich v. Allstate Insurance Co.*, 507 Pa. 68, 488 Pa. 571 (1985), plaintiffs argued that an insurance policy provision which prohibited stacking of work loss benefits was contrary to public policy and, specifically, the policy of the No-fault Act. The court held that the No-fault Act contained no indication of policy clear enough to void a plain, unambiguous provision in an insurance contract which precludes stacking work loss benefits. "Moreover, in the face of such a plain and unambiguous preclusion, appellants could have no reasonable expectation of obtaining stacked benefits." 507 Pa. at 76-7, 488 A.2d at 575.

Here, plaintiffs do not argue that the terms of the exclusionary clause are ambiguous or unclear. When presented with language as readily understandable as that in the family exclusion clause in the insurance policy at issue, plaintiffs could not

have had a reasonable expectation of obtaining coverage and a defense in the civil action provided by the insurer.

For the foregoing reasons, the motion for summary judgment of defendant, Allstate Insurance Company, was granted and plaintiff's cross motion for summary judgment was denied.