595 A.2d 629

**Wendy A. LAMBERT, Administratrix of the Estate of Timothy D. Lambert, Deceased**

v.

**Darrell Dean McCLURE and Donegal Mutual Insurance Company.**

**Appeal of DONEGAL MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 21, 1991.

Filed Aug. 21, 1991.

258

Richard A. Lanzillo, Erie, for appellant.

Henry W. Gent, III, Franklin, for Lambert, appellee.

Before ROWLEY, President Judge, and WIEAND, and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from a July 31, 1990 order granting the motion of appellee, Wendy Lambert, for judgment on the pleadings. Appellant, Donegal Mutual Insurance Co. ("Donegal"), contends that the trial court erred in holding that the liability limitation provision in appellee's decedent's insurance policy was contrary to the public policy of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S.A. §§ 1701–1798.4, and, thus, was void.[1] For the following reasons, we affirm.

This case arises from a single vehicle automobile accident that occurred on July 15, 1988 in Mineral Township, Venango County. At the time of the accident, Darrell Dean McClure was operating the vehicle, and appellee's decedent, Timothy Lambert ("Lambert"), was a passenger. Lambert was killed when McClure lost control of the vehicle causing it to leave the roadway. The vehicle was owned by Lambert and insured by Donegal. Under the insurance policy, Donegal provides $100,000 liability coverage for one person injured in a single accident. If, however, that one person is the insured or a family member, an Endorsement to the policy limits the liability coverage to the statutory minimum ($15,000). On October 11, 1988, appellee filed a complaint against McClure and Donegal. The first two counts were directed at McClure, and the third count was directed at Donegal. In the third count, appellee alleged that because McClure was an uninsured motorist, Donegal was liable to appellee under the terms of Lambert's insurance policy in the amount of $100,000. Donegal responded that its maximum potential liability was $15,000 due to the specific

---

**1.** Appellant also contends that the trial court erred in its alternative finding that the insurance policy, including the liability limitation provision, was ambiguous. In light of our finding that the provision is void, we need not address this issue.

limitation set forth in the policy at Endorsement No. PP0151. On August 16, 1989, with the consent of Donegal and McClure, appellee filed an amended complaint. Thereafter, on September 22, appellee filed a motion for judgment on the pleadings with respect to the third count solely against Donegal. On October 2, Donegal filed a cross-motion for judgment on the pleadings against appellee with respect to the third count of the complaint. Subsequently, appellee, Donegal, and McClure entered into a stipulation, filed on November 21, 1989, in which they agreed to amend appellee's complaint and Donegal's answer. On July 31, 1990, the court granted appellee's motion for judgment on the pleadings and denied appellant's cross-motion.[2] This timely appeal followed.

Our review of the trial court's order granting judgment on the pleadings is guided by the following standard:

> [A] motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him.

*Gallo v. J.C. Penney Cas. Ins. Co.*, 328 Pa.Super. 267, 270, 476 A.2d 1322, 1324 (1984) (citations omitted). *See also* Pa.R.Civ.P. 1034. Furthermore, in conducting this inquiry, the court's consideration is confined to the pleadings and other relevant documents; no affidavits, depositions or briefs may be considered. *See Gallo v. J.C. Penney Cas. Ins. Co., supra* (citations omitted). Finally, we note that in cases turning upon the construction of a written agreement, the granting of a motion for judgment on the pleadings may be particularly appropriate. *See id.*, 328 Pa.Superior Ct. at 270–71, 476 A.2d at 1324 (citation omitted).

**2.** On August 28, the trial court entered an amended order limiting the grant of appellee's motion for judgment on the pleadings to the issue of liability coverage and the validity of the liability limitation provision of the policy.

In granting appellee's motion, the trial court found that Endorsement No. PP0151 was ineffective because it was contrary to the public policy embodied in the MVFRL. Appellant contends that the court's construction of the policy and the MVFRL was erroneous. Specifically, appellant claims that the liability limitation provision is consistent with §§ 1791 and 1792 of the MVFRL and, therefore, is not void. Thus, appellant claims that appellee is entitled to recover a maximum amount of $15,000.

It is well-settled that the interpretation of an insurance policy is a question of law for the Court. *See Geisler v. Motorists Mut. Ins. Co.*, 382 Pa.Super. 622, 626, 556 A.2d 391, 393 (1989) (citations omitted); *Duffy v. Nationwide Ins. Co.*, 374 Pa.Super. 55, 57, 542 A.2d 144, 145 (1988) (citation omitted). We are mindful to construe policy clauses providing coverage "in a manner which affords the greatest possible protection to the insured.... The insured's reasonable expectations are the focal point in reading the contract language." *Geisler v. Motorists Mut. Ins. Co., supra.* With these principles in mind, we turn to the policy at issue.

The insurance policy issued by appellant provides liability coverage in the amount of $100,000 for each accident. An amendment to the policy, however, includes Endorsement No. PP0151 which provides as follows:

> We do not provide Liability Coverage for any person for "bodily injury" to you or any "family member" to the extent that the limits of liability for this coverage exceed the limits of liability required by the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984.

*See* Complaint, Exhibit A, Form No. PP0151. After looking to the relevant provision of the MVFRL, the effect of this policy provision becomes clear.[3] The MVFRL requires a

---

**3.** Although the dissent properly notes that when the language of an insurance policy is clear and unambiguous, a court is required to give effect thereto, *see* Dissenting Op. at 634, we cannot agree with the dissent's conclusion that Endorsement No. PP0151 was clear and unambiguous. Rather, the coverage for bodily injury to the insured

minimum liability of $15,000 for an accident causing injury to one person. *Id.* § 1702. Thus, the Endorsement, if it is enforceable, reduces the available coverage in this case to $15,000. The question we now must decide is whether the provision is contrary to the MVFRL.

The MVFRL must be construed liberally to effect its objects and promote justice. *See* 1 Pa.C.S.A. § 1928(c); *Wolgemuth v. Harleysville Mut. Ins. Co.*, 370 Pa.Super. 51, 62, 535 A.2d 1145, 1151 (1988) (citation omitted) (en banc), *alloc. denied*, 520 Pa. 590, 551 A.2d 216 (1989). Moreover, with regard to the interpretation of a statute, legislative intent controls. *See* 1 Pa.C.S.A. § 1921. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* § 1921(b). One purpose of the MVFRL is to reduce the escalating costs of purchasing motor vehicle insurance. *See Wolgemuth v. Harleysville Mut. Ins. Co.*, *supra* 370 Pa.Super. at 63, 535 A.2d at 1151. The statute also attempts to address the problems caused by the increasingly high numbers of uninsured motorists. *See id.* To reach these objectives, the statute explicitly sets out the minimum amounts of coverage that must be offered to the insured. *See Tallman v. Aetna Cas. and Sur. Co.*, 372 Pa.Super. 593, 597, 539 A.2d 1354, 1356 (1988) (citation omitted).

The MVFRL requires that certain liability coverages be made available to an insured:

> [A]n insurer issuing a policy of bodily injury liability coverage pursuant to this chapter *shall make available* for purchase higher limits of uninsured, underinsured and bodily injury liability coverages up to at least $100,000 because of injury to one person in any one accident....

was confined to the "limits of liability *required by the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984*" (emphasis added.) The insured could not ascertain the amount of the limitation from the face of the document or the language of the provision, but was instead compelled to go outside the policy, to the referenced law, to determine the extent of coverage.

*Id.* § 1792 (emphasis added). Furthermore, regarding adequate notice of these coverage options to an insured, the MVFRL provides that

[i]t shall be presumed that the insured has been advised of the benefits and limits available under this chapter provided the following notice in bold print of at least ten-point type is given to the applicant at the time of application for original coverage or at the time of the first renewal after October 1, 1984, and no other notice or rejection shall be required....

*Id.* § 1791. Section 1791 then sets out the "Important Notice," which would inform potential insureds of, *inter alia,* (1) the insurance company's legal responsibility "to make available for purchase the following benefits" for the insured and the insured's family; and (2) the amounts of those benefits. *Id.*

 ■   Here, a careful review of the pleadings reveals that appellant never made the insured aware that he had an option to purchase more than $15,000 for bodily injury to family members or that they offered such coverage.[4] Furthermore, appellant did not allege that it gave Lambert the "Important Notice" of § 1791 or any other adequate notice of the benefits and limits that were available to him. *See id.* Indeed, in a stipulation with appellee that amended the pleadings, appellant directly rebutted the presumption in § 1791 by admitting that,

[s]ince 1986, Endorsement No. PP0151 has been automatically issued by the Defendant, Donegal Mutual Insurance

---

**4.** Contrary to the dissent's assertion that "it is clear that the insured was aware that excess coverage was available ... because, in fact, he purchased such additional coverage," Slip Dissenting Op. at 634, there is no indication that the insurer ever informed the insured of the option to purchase additional *bodily injury* coverage for himself and his family. It appears that the insurer did offer the insured the option to purchase additional liability coverage, an offer the insured ultimately accepted. However, absent any other evidence, this fact does not establish that the insured was offered the disputed option as well. Section 1791's presumption that the insured has been fully advised of available benefits arises only when the required notice is given. We cannot create by judicial construction a presumption greater than that afforded by the MVFRL.

Company as part of each personal motor vehicle insurance policy which it issues in the Commonwealth of Pennsylvania.

Stipulation as to Amendment of Pleadings, filed November 21, 1989.[5] The effect of this stipulation was to amend appellee's complaint and appellant's answer and new matter to include the averment and admission. *See id.* In light of these undisputed facts, we find that appellant did not "make available" to the insured those benefits required by the MVFRL.

Appellant nevertheless suggests that Lambert was free to purchase other accident benefits, and, in fact, it would have provided Lambert greater benefits if he had sought them. Thus, argues appellant, it complied with the MVFRL. We cannot agree. In our construction of the policy, we must focus on Lambert's reasonable expectations. *See Geisler v. Motorists Mut. Ins. Co., supra.* Here, appellant's admitted practice of automatically attaching Endorsement No. PP0151 to its insurance policies without explaining the coverage options that it was *required* to offer under the MVFRL would leave the insured with the belief that there were no other coverage options offered by the insurer. Such a practice violates the language and intent of the MVFRL.[6] *See* 75 Pa.C.S.A. §§ 1791, 1792; *see*

5. Appellant also admitted in the stipulation that Endorsement No. PP0151 was included in Lambert's first policy, which was obtained on April 24, 1987, and cancelled on August 31, 1987. Appellant did not explicitly admit that Endorsement No. PP0151 was included in Lambert's second policy, which was in effect at the time of the accident. However, the second policy was issued in January of 1988, and, as noted above, the stipulation stated that since 1986 appellant automatically included the Endorsement as part of each motor vehicle insurance policy. *See* Stipulation as to Amendment of Pleadings, filed November 21, 1989.

6. The dissent appears to misperceive the focus of our holding. We do not hold that "the endorsement imposing the limitation is void because it was not called to the attention of the named insured with instructions that it could be removed by the payment of an additional premium." Dissenting Op. at 634. Rather, we are most concerned with the insurer's failure to comply with sections 1791 and 1792 of the MVFRL, and we hold that this noncompliance, *combined with* the insurer's automatic issuance of the disputed limitation, left the in-

*also* Trial Court Opinion at 14. Accordingly, the trial court did not err in finding that the liability limitation contained in Endorsement No. PP0151 is void, and appellee may be entitled, under Lambert's policy, to the full amount of liability coverage of $100,000, less the amount of additional premiums that appellee's decedent would have paid, had he been offered, and accepted, the option to purchase additional bodily injury coverage for himself and his family.[7]

For the foregoing reasons, we affirm the trial court's order granting appellee's motion for judgment on the pleadings.

Order affirmed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge dissenting:

I respectfully dissent. The majority's decision to nullify a clear and unambiguous limitation on the coverage provided by a policy of automobile insurance issued by Donegal Mutual Insurance Company (Donegal) is not warranted by the decided cases or by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701 to 1798.4 (MVFRL) and, in my judgment, establishes bad law.

Timothy Lambert died of injuries received while riding as a passenger in a vehicle which he owned but which was being driven by Darrell Dean McClure. The vehicle was insured under a policy of automobile insurance which had been issued by Donegal. Letters of administration were issued to Wendy Lambert in the estate of her deceased brother, and she filed an action for declaratory judgment to

---

sured with the impression that $15,000 was the extent of bodily injury coverage available to him and his family members, a result inconsistent with the MVFRL.

7. In light of our conclusion, we need not reach appellant's argument regarding the propriety of the trial court's conclusion that Endorsement No. PP0151 also violates public policy. *See* Trial Court Opinion at 12.

determine the limits of Donegal's liability in providing coverage to McClure, the driver of the decedent's car.

The policy was written to provide coverage up to one hundred thousand ($100,000.00) dollars per accident. This coverage, however, was subject to the following limitation:

> We do not provide liability coverage for any person for "bodily injury" to you or any "family member" to the extent that the limits of liability for this coverage exceed the limits of liability required by the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984.

In a motion for judgment on the pleadings, Donegal contended that its limit of liability for the death of its insured was fifteen thousand ($15,000.00) dollars, the amount required by MVFRL. The plaintiff argued, however, that the limiting language was null and void because it was contrary to the provisions of MVFRL and violated public policy. The trial court held the policy limitation void because the decedent had not had a knowing opportunity to purchase coverage for one hundred thousand ($100,000.00) dollars free of such limitation and held that the policy limitation, therefore, was unenforceable. The majority agrees and affirms. I disagree and dissent.

Pennsylvania courts have long recognized and enforced policy provisions which limit or exclude liability coverage for injuries to the named insured or members of the named insured's family. See: *Pennsylvania Manufacturers Assoc. Ins. Co. v. Aetna Casualty & Surety Ins. Co.*, 426 Pa. 453, 233 A.2d 548 (1967); *Great American Insurance Co. v. State Farm Mutual Automobile Co.*, 412 Pa. 538, 194 A.2d 903 (1963) (exclusion in motor vehicle policy); *Puller v. Puller*, 380 Pa. 219, 110 A.2d 175 (1955) (same). See also: *Neil v. Allstate Insurance Co.*, 379 Pa.Super. 299, 549 A.2d 1304 (1988), *allocatur denied*, 522 Pa. 578, 559 A.2d 38 (1989) (exclusion in homeowner's policy); *Paiano v. Home Insurance Co.*, 253 Pa.Super. 519, 385 A.2d 460 (1978); *Grott v. State Farm Fire and Casualty Co.*, 646 F.Supp. 973 (E.D.Pa.1986). Such provisions serve the important purpose of discouraging collusive claims. *Puller v. Puller,*

*supra* 380 Pa. at 223, 110 A.2d at 177–178; *Neil v. Allstate Insurance Co., supra,* 379 Pa.Super. at 307, 549 A.2d at 1308. They do not violate public policy.

"It is only when a given policy is so obviously for or against the public health, safety, morals or welfare that there is virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in [declaring that policy to be against public policy]."

*Neil v. Allstate Ins. Co., supra,* 379 Pa.Superior Ct. at 303, 549 A.2d at 1305, quoting *Mamlin v. Genoe,* 340 Pa. 320, 325, 17 A.2d 407, 409 (1941).

When the language of an insurance policy is clear and unambiguous, a court is required to give effect thereto. *Pennsylvania Manufacturers' Association Insurance Co. v. Aetna Casualty & Surety Insurance Co., supra; Neil v. Allstate Insurance Co., supra.* In such cases, it is not a defense that the insured failed to read or understand the language of the policy. *Standard Venetian Blind Company v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563 (1983). A court should not rewrite or ignore the clear terms of an insurance agreement in order to expand coverage beyond that provided in the policy. *Guardian Life Insurance Co. v. Zerance,* 505 Pa. 345, 353, 479 A.2d 949, 953 (1984); *Monti v. Rockwood Ins. Co.,* 303 Pa.Super. 473, 450 A.2d 24, 26 (1982); *Adelman v. State Farm Mutual Auto Ins. Co.,* 255 Pa.Super. 116, 386 A.2d 535 (1978). An insured will not be heard to complain that his reasonable expectations were frustrated by policy limitations which are clear and unambiguous. *Neil v. Allstate Insurance Co., supra,* 379 Pa.Superior Ct. at 311, 549 A.2d at 1309.

Provisions limiting liability with respect to claims made by the named insured or members of his family are not prohibited by any provision of MVFRL. The requirement that an insurer make available for purchase a coverage for bodily injury liability in an amount up to at least one hundred thousand ($100,000.00) dollars cannot be construed as preventing the limitation imposed by the Donegal policy with respect to claims made by the named insured or

members of his family. The requirements imposed by MVFRL should not be expanded "under the pretext of pursuing [the statute's] spirit." 1 Pa.C.S. § 1921(b). See also: *Wolgemuth v. Harleysville Mutual Insurance Co.,* 370 Pa.Super. 51, 62, 535 A.2d 1145, 1151 (1988) (en banc), *allocatur denied,* 520 Pa. 590, 551 A.2d 216 (1989). One of the statute's objectives was to reduce the escalating costs of motor vehicle insurance. *Wolgemuth v. Harleysville Mutual Insurance Co., supra,* 370 Pa.Superior Ct. at 63, 535 A.2d at 1152. An unwarranted expansion by the courts of statutory duties imposed upon insurers will serve only to increase the cost of insurance and thereby undermine the statute's principal objective. Coverage for liability of up to one hundred thousand ($100,000.00) dollars was, in fact, purchased by the insured in this case, and coverage in the same amount for claims by the insured or members of his family was available for purchase.

The majority holds that the endorsement imposing the limitation is void because it was not called to the attention of the named insured with instructions that it could be removed by the payment of an additional premium. I am unable to accept this reasoning. In the first place, I find no such requirement in the statute. The majority relies upon the requirement of the statute that an insured be advised that coverage in excess of that required by MVFRL be made available for purchase by payment of an additional premium. In the instant case, however, it is clear that the insured was aware that excess coverage was available. He was aware of it because, in fact, he purchased such additional coverage. The statute contains no mandate that additional notice be given of the limitation which pertained to liability coverage for bodily injury sustained by the named insured or members of his family.

The limitation in this case was expressed by policy language which was clear and unambiguous, and the insured, under all the cases, had an obligation to read it. This is particularly so in the instant case. Here, the insured's attention was specifically directed by language on the Dec-

laration page to Endorsement PP. 0151. This is the special limitation which the majority voids because, it contends, the insured was not made aware that it could be erased by an additional premium.

The majority also errs, in my judgment, when it assumes that, as a matter of law, the insured was unaware of the limitation on coverage or that it could be removed by the payment of an additional premium. My review of the complaint fails to reveal any averment that the insured was not aware that liability coverage of up to one hundred thousand ($100,000.00) dollars could also be purchased for claims made by him or members of his family. Indeed, the estate's action was not based upon an absence of such knowledge. The complaint averred only that the clause violated public policy. Contrary to the majority, I cannot infer a lack of such knowledge solely from the general policy of Donegal to insert a limitation on liability for claims by the named insured or members of his family in the absence of contrary instructions from the insured.

In my judgment, the insured was chargeable with notice of the limitations upon Donegal's liability which were clearly and unambiguously stated in the policy which he purchased. The limitation here being reviewed did not violate public policy or any provisions of MVFRL. Therefore, I would hold, consistently with the language of the policy, that Donegal's limit of liability for the death of its insured was fifteen thousand ($15,000.00) dollars. Because the majority holds otherwise, I respectfully dissent.