Robert D. Schollmeyer Osage County Prosecuting Attorney Post Office Box 378 Linn, Missouri 65051
Dear Mr. Schollmeyer:
This opinion letter is in response to your question asking:
 Under the Open Meetings Law, does a county commission have to give individualized notice to a newspaper when the commission plans to have a special meeting or may it simply post notice of the meeting in the county clerk's office within the time limits specified by the Open Meetings Law?
You have indicated the local newspaper has requested the county commission notify it whenever the county commission announces that it will have a special meeting.
Chapter 610, RSMo, to which your question relates, is commonly referred to as the Sunshine Law and is sometimes referred to as the Open Meetings Law. The Sunshine Law was revised in 1993 by Conference Committee Substitute for Senate Committee Substitute for House Bill No. 170, 87th General Assembly, First Regular Session (hereinafter "House Bill No. 170"). Section 610.010(4), as amended by House Bill No. 170, defines "public governmental body" for purposes of the Sunshine Law as: "any legislative, administrative governmental entity created by the constitution or statutes of this state . . . ." The county commission is created in Chapter 49, RSMo, and is a "public governmental body" as defined for purposes of the Sunshine Law.
Section 610.020, as amended by House Bill No. 170, provides for a public governmental body to give notice of each meeting. Such section provides in relevant part:
 610.020. 1. All public governmental bodies shall give notice of the time, date, and place of each meeting, and its tentative agenda, in a manner reasonably calculated to apprise the public of that information. Reasonable notice shall include making available copies of the notice to any representative of the news media who requests notice of meetings of a particular public governmental body and
posting the notice on a bulletin board or other prominent place which is easily accessible to the public and clearly designated for that purpose at the principal office of the body holding the meeting, or if no such office exists, at the building in which the meeting is to be held.
 2. Notice conforming with all of the requirements of subsection 1 of this section shall be given at least twenty-four hours exclusive of weekends and holidays when the facility is closed, prior to the commencement of any meeting of a governmental body unless for good cause such notice is impossible or impractical, in which case as much notice as is reasonably possible shall be given. Each meeting shall be held at a place reasonably accessible to the public, and at a time reasonably convenient to the public, unless for good cause such a place or time is impossible or impractical. Every reasonable effort shall be made to grant special access to the meeting to handicapped or disabled individuals. [Emphasis added.]
* * *
As provided in subsection 1, notice includes two forms of notice: 1) making available copies of the notice to any representative of the news media who requests notice of meetings, and 2) posting the notice on a bulletin board or other prominent place. The use of the word "and" indicates that both forms of notice are required. Therefore, the public governmental body is required to make available copies of the notice to any representative of the news media who requests notice of meetings of the public governmental body in addition to the posting of notice on a bulletin board or other prominent place.
The statute requires "making available" copies of the notice to any representative of the news media who requests notice of meetings (hereinafter sometimes referred to as "a representative"). "Making available" contemplates making a representative aware of the meeting. See Lambert v. McClure,595 A.2d 629 (Pa.Super. 1991) (interpreting "make available"). It is not feasible to address all of the various situations that might arise in making available copies of a notice of a meeting to a representative. It may be the public governmental body will have the notice prepared far enough before the meeting that a copy can be mailed to the business address of a representative. It may be the public governmental body will need to fax a copy to the office of a representative or have a copy hand delivered to the office of a representative. The procedure for making a representative aware of a particular meeting will depend on the facts of the specific situation; however, more is required than simply posting the notice of the meeting in the county clerk's office.
This conclusion is consistent with the public policy of the state regarding the Sunshine Law as set forth in Section610.011, RSMo Supp. 1992. Such section provides in subsection 1:
 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
* * *
Adopting a procedure to make a representative aware of a particular meeting is consistent with this policy of openness in government.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General