J-A27001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LOUISE HUNTER, J.C. AND S.C., MINORS BY AND THROUGH THEIR NATURAL GUARDIAN NORMAN CUTRIGHT, TURNING POINTS FOR CHILDREN, AND NORTHERN CHILDREN'S SERVICES, AND K.L.H., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, QAWI ABDUL-RAHMAN | |
| | No. 3368 EDA 2019 |

Appeal from the Order Entered October 18, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: No. 180601174

BEFORE: STABILE, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                Filed: June 10, 2021

This case returns to us following remand for the Court of Common Pleas of Philadelphia County ("trial court") to prepare and file a supplemental Pa.R.A.P. 1925(a) opinion, furnishing its reasons for denying the motion for summary judgment filed by Appellant, The Philadelphia Contributionship Insurance Company ("PCIC"), and explaining the effect, if any, of PCIC's default judgment against Appellee Louise Hunter ("Ms. Hunter") and her

_____

[*] Retired Senior Judge assigned to the Superior Court.

grandnephew on the disposition of the summary judgment motion. For the reasons set forth below, we reverse.

The facts and procedural history of this case are uncontested.[1] Ms. Hunter was sued on behalf of two minors, whom she fostered in her house, for negligence arising from and relating to their alleged sexual abuse by her fifteen-year-old grandnephew.[2] In the tort action against Ms. Hunter, the plaintiffs alleged in pertinent part that "[a]t all relevant times, minor plaintiffs were under the care, custody, control, and/or supervision of [Ms. Hunter], who was responsible for their safety and well-being." Amended Complaint, 5/15/18, at ¶ 15; Reproduced Record (R.R.) at 7a. The minors also sued Turning Points for Children, a Community Umbrella Agency, and Northern Children's Services both of which "engaged in child placement and associated services for children." *Id.* at ¶¶ 2-3. Having issued the homeowner's insurance policy (the "Policy") to Ms. Hunter, PCIC agreed to defend her subject to a reservation of its rights.

On June 11, 2018, PCIC filed a separate complaint for declaratory judgment against Ms. Hunter. PCIC also named as defendants the minor

_____

[1] Unless otherwise specified, these facts come from this Court's March 26, 2021 Memorandum decision. *See Philadelphia Contributionship Ins. Co. v. Hunter*, No. 3368 EDA 2019, unpublished memorandum, at **2-5 (Pa. Super. filed March 26, 2021).

[2] Although the amended tort complaint referred to the perpetrator as Ms. Hunter's grandson, her deposition testimony indicated that he was in fact her grandnephew. N.T. Deposition, 7/26/19, at 22-23, 35.

plaintiffs and additional defendants from the tort action.[3]  With the trial court's permission, on May 14, 2019, PCIC amended its complaint to include Ms. Hunter's grandnephew via his guardian *ad litem*, Qawi Abdul-Rahman.[4]  In the complaint, PCIC alleged that, under the terms of the Policy, it owed no duty to defend or indemnify Ms. Hunter in connection with any claims asserted against her in the underlying tort action.  In support, PCIC pointed to the insured versus insured exclusion ("Household Exclusion") contained in the Policy.  This exclusion provides that individuals covered or insured under the same policy cannot file claims against each other.

### F. Coverage E – Personal Liability

Coverage **E** does not apply to:

  . . . .

**6.** "Bodily injury" to you or an "insured" as defined under Definitions **5.a.** or **b.**

This exclusion also applies to any claim made or suit brought against you or an "insured":

**a.** To repay; or

**b.** Share damages with;

another person who may be obligated to pay damages because of "bodily injury" to an "insured".

---

[3] **See** 42 Pa.C.S.A. § 7540 ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.").

[4] The trial court appointed the guardian *ad litem* on December 4, 2018.  **See** R.R. at 112a.

- 3 -

R.R. 71a-72a. The Policy defines "insured" as "You and residents of your household who are **(1)** Your relatives or **(2)** *Other persons under the age of 21 and in the care of any person named above*[.]" ***Id.*** at 53a. (emphasis added). Thus, among other things, PCIC sought a declaratory judgment from the trial court:

> (a) that there is no coverage under the [] Policy for damages or losses claimed by [minor plaintiffs] against [Ms. Hunter] in the underlying civil action.

> (b) that there is no coverage for any new matter crossclaims that may be asserted against [Ms. Hunter] in the underlying civil action.

> (c) there is no coverage for any award of punitive damages against [Ms. Hunter.]

***Id.*** at 130a (unnecessary capitalization omitted). Simply stated, PCIC contends that since the minor plaintiffs, Ms. Hunter, and the grandnephew all were insureds under the Policy, the Household Exclusion precludes any duty to defend or indemnify Ms. Hunter for injuries to the minor plaintiffs.

Only Turning Points for Children, an additional defendant in the underlying tort action, answered PCIC's amended complaint.[5] ***Id.*** at 134a. Ms. Hunter and her grandnephew failed to file any responsive pleadings. On July 22, 2019, PCIC filed a praecipe for entry of default judgment. As a result,

_____

[5] Although the minor children and Northern Children's Services answered PCIC's original declaratory judgment complaint, they failed to answer the amended complaint. ***See Brooks v. B & R Touring Co.***, 939 A.2d 398, 402 (Pa. Super. 2007) (noting that an amended complaint supersedes and nullifies the original complaint).

- 4 -

and on the same day, judgment was entered in favor of PCIC and against Ms. Hunter. On August 21, 2019, PCIC also obtained default judgment against the grandnephew.[6]

Despite obtaining default judgments against Ms. Hunter and the grandnephew, PCIC filed a motion for summary judgment on September 12, 2019, requesting declaratory judgment that it owed no duty under the Policy to defend or indemnify Ms. Hunter in connection with any claims asserted against her by the minor plaintiffs in the underlying tort action. Once again, PCIC relied on the Household Exclusion under the Policy to support its position. The motion was unopposed. Nonetheless, on October 18, 2019, the trial court denied the motion. PCIC appealed to this Court.[7] Both PCIC and the trial court complied with Rule 1925.

On appeal, PCIC argues only that "the trial court erred by denying PCIC's unopposed motion for summary judgment when the 'four corners' of the third party complaint against PCIC's insured unambiguously disclose that coverage is foreclosed by the 'insured versus insured' exclusion[.]" Appellant's Brief at

_____

[6] The trial court did not enter a final judgment of default against Ms. Hunter and her grandnephew. Separately, there is no indication in the record that Ms. Hunter, at any time, sought to strike or open the default judgment entered against her in this case. Ms. Hunter likewise has not made any argument that the default judgment entered against her is void.

[7] We have jurisdiction over this appeal, as we explained in our previous Memorandum decision in this case. *See Hunter*, No. 3368 EDA 2019, at \*\*4-5 n.6. Relatedly, to the extent the court invited us to quash as interlocutory this appeal, we declined the invitation. *See id.* at \*5 (citations omitted).

5 (unnecessary capitalization omitted).[8]  Declining to address the merits of PCIC's contention, we initially observed that the procedural posture underlying this appeal was rather perplexing.   PCIC moved for summary judgment against Ms. Hunter **after** it already had secured an entry of default judgment against her.  No indications existed on the face of the record that the default judgment was invalid.  To the contrary, the default judgment appeared to be valid and fully effective at the time of PCIC's filing of the summary judgment motion.  "When a judgment by default becomes final, all general rules in regard to conclusiveness of judgments apply."  *Morgan Guar. Trust Co. of New York v. Staat*, 631 A.2d 631, 638 (Pa. Super. 1993).  It has long been held that a judgment by default is res judicata and quite as conclusive as one rendered on a verdict after litigation insofar as a defaulting defendant is concerned.  *Zimmer v. Zimmer,* 326 A.2d 318 (Pa. 1974).  As a result, the summary judgment motion, which prayed for the same relief PCIC had already obtained via the entry of default judgment against Ms. Hunter, appeared to be duplicative at best and moot at worst.  We reasoned that we could not know this for sure because we did not have the benefit of the trial court's rationale for denying summary judgment in this case.  As a result, on March 26, 2021, we remanded the matter to the trial court to prepare and file a supplemental Rule 1925(a) opinion (1) furnishing its reasons for denying

---

[8] Ms. Hunter did not file a brief in this appeal.  We also do not have briefs before us from the other interested parties in this case, in particular the minor plaintiffs.

PCIC's summary judgment motion and (2) explaining and discussing the impact (or lack thereof) of PCIC's default judgment on disposition of the summary judgment motion.

On April 27, 2021, the trial court filed a supplemental Rule 1925(a) opinion, explaining that it denied PCIC's summary judgment motion because "genuine issues remain as to what policy exclusions are relevant, whether relevant exclusions are applicable, and ultimately whether PCIC should indemnify [Ms. Hunter] in the underlying civil action due to any exceptions contained therein." Trial Court Opinion, 4/27/21, at 5. The trial court, however, did not specify—and our record review did not find—any disputed issues of material fact.

On April 30, 2021, PCIC filed in this Court a "Motion for Leave to Submit Supplemental Brief" for purposes of responding to the trial court's Supplemental Rule 1925(a) opinion. We hereby grant the motion and accept for filing the proposed supplemental brief attached to the motion. In its supplemental brief, PCIC concedes that, while a judgment of default should be entered against Ms. Hunter and her grandnephew,[9] summary judgment is

_____

[9] As PCIC correctly points out, in all cases in which equitable relief is sought, such as here, where PCIC seeks declaratory judgment, "the court **shall enter an appropriate order upon the judgment of default** or admission and may take testimony to assist in its decision and in framing the order." Pa.R.C.P. No. 1037(d) (emphasis added). As noted, although PCIC obtained default judgment against Ms. Hunter and her grandnephew, the trial court failed to enter a final judgment against them and in favor of PCIC under Rule 1037(d).

*(Footnote Continued Next Page)*

appropriate against all non-defaulting parties in this case. PCIC's Supplemental Brief at 2-3. We agree. Having established that PCIC obtained default judgment against Ms. Hunter and the grandnephew, the summary judgment motion at issue pertains only to the non-defaulting parties, *i.e.*, the minor plaintiffs, Turning Points for Children, and Northern Children's Services.

We review a challenge to the entry of summary judgment as follows:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P. No. 1035.2. The rule [provides] that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law,

---

In ***Mother's Restaurant Inc. v. Krystkiewicz***, 861 A.2d 327 (Pa. Super. 2004) (*en banc*), we explained:

Once a litigant files a proper praecipe seeking the entry of a default judgment, the Rules direct the court to perform two essential steps. Foremost, in actions at law and in equity, the Rules direct the prothonotary to enter a default judgment on the docket. . . . By virtue of entering this default judgment on the docket, the prothonotary precludes the opponent from challenging his or her liability. Once the prothonotary has entered the default judgment, the next step involves the determination of the appropriate remedy for the opponent's default. . . . In those instances where the amount of legal damages is not certain or where the plaintiff has sought equitable relief, the trial court has the independent obligation to fashion the appropriate relief at a future date.

*Id.* at 334-35 (citations omitted). Thus, although liability was fixed against Ms. Hunter and the grandnephew on account of their default, the trial court did not enter an appropriate order as to them under Rule 1037(d). Upon remand, the trial court should do so.

summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013)

(citation omitted; brackets in original).

With respect to a declaratory judgment action involving coverage issues

under an insurance policy, this Court has explained:

the proper construction of an insurance policy is resolved as a matter of law to be decided by the court in a declaratory judgment action. Hence, as with all issues of law, our review is *de novo.* Our standard of review in a declaratory judgment action is narrow. We review the decision of the trial court as we would a decree in equity and set aside factual conclusions only where they are not supported by adequate evidence. We give plenary review, however, to the trial court's legal conclusions. We are limited to determining whether the trial court clearly abused its discretion or committed an error of law.

*Swarner v. Mutual Ben. Group*, 72 A.3d 641, 644 (Pa. Super. 2013)

(citations and quotation marks omitted), *appeal denied*, 85 A.3d 484

(Pa. 2014). We also have explained:

The law is clear that when an insured who has been sued requests coverage under a policy of insurance, the insurer is required to accept all of the allegations contained in the third party's complaint as true and provide a defense if there is a chance that the injury alleged could potentially fall within the scope of the policy. The question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint.

An insurer may not justifiably refuse to defend a claim against its insured unless it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy. The duty to defend is not limited to meritorious actions; it even extends to actions that are groundless, false, or fraudulent as long as there exists the possibility that the allegations implicate coverage. The duty to defend persists until an insurer can limit the claims such that coverage is impossible.

Like the duty to defend, an insurance company's duty to indemnify an insured in a third party's action flows from a determination that the complaint triggers coverage. The substantive duty of an insurance company to indemnify its insured in a third party's action, however, arises only when the insured is determined to be liable for damages within the coverage of the policy.

*Selective Way Ins. Co. v. Hosp. Grp. Servs., Inc.*, 119 A.3d 1035, 1046 (Pa. Super. 2015) (*en banc*) (citations and quotation marks omitted).

Instantly, PCIC argues that the trial court erred in denying its motion for summary judgment because it owed no duty under the Policy to defend or indemnify Ms. Hunter in connection with any claims asserted against her by the minor plaintiffs in the underlying tort action. Accepting the factual allegations of the plaintiffs' complaint in the underlying tort action as true, we now determine whether it is clear from an examination of the language of the policy that the claim does not potentially come within the coverage of the policy. *American & Foreign Ins. Co. v. Jerry's Sport Center, Inc.*, 2 A.3d 526, 541 (Pa. 2010).

We glean the following allegations from the underlying tort complaint. The minor children were under the foster care of Ms. Hunter when her then-fifteen-year-old grandnephew, who also resided in Ms. Hunter's house,

- 10 -

sexually abused them. Amended Complaint, 5/15/18, at ¶¶ 11-15. As set forth earlier, the Household Exclusion contained in the Policy precludes coverage for any claims, including derivative claims to repay or share damages with another person, for "'bodily injury' to you **or** an 'insured.'" R.R. 72a (emphasis added). The Policy defines "insured" as "You and residents of your household who are **(1)** Your relatives or **(2)** *Other persons under the age of 21 and in the care of any person named above*[.]" *Id.* at 53a (emphasis added). Upon review of the allegations contained in the four corners of the underlying complaint and the language of the Policy, it is clear the minor plaintiffs, Ms. Hunter, and her grandnephew qualify as "insureds" under the Policy. Indeed, the undisputed facts of record reveal that the minor children were in Ms. Hunter's care and resided in her house when her then-fifteen-year-old grandnephew, who also was under her care and lived with her, sexually abused them. As a result, the Household Exclusion relieves PCIC from any obligation to defend or indemnify Ms. Hunter in the underlying tort action for damages or losses claimed by the minor plaintiffs. *See Neil v. Allstate Ins. Co.*, 549 A.2d 1304, 1310-11 (Pa. Super. 1988) (finding the application of household exclusion valid), *appeal denied*, 559 A.2d 38 (Pa. 1989); *see also Paiano v. Home Ins. Co.*, 385 A.2d 460, 461-62 (Pa. Super. 1978). Thus, under our applicable standard of review, we conclude that the trial court erred in denying PCIC's summary judgment motion as a matter of law as to the remaining non-defaulting parties, the minor plaintiffs, Turning Points for Children, and Northern Children's Services.

Order reversed. Case remanded. PCIC's Motion to Submit Supplemental Brief granted. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/21