CERCONE, Judge:
 

 This is an appeal from a judgment entered against appellant Lakeland Mutual Insurance Company. We affirm.
 

 In this case, appellees Glenn and Mary Ann Ferguson sought to collect from a homeowner’s insurance policy from appellant, the insurer, when lightning struck a Lowry C-500 organ inside their mobile home. Appellant, however, disputed the claim and the parties proceeded to court. Subsequently, a jury returned a verdict in favor of appellees and against appellant in the sum of twenty-three thousand three hundred seventeen dollars and forty cents ($23,317.40). After their post-trial motions were denied, appellant filed this appeal.
 

 Central to this controversy is the lower court’s interpretation of the parties’ insurance policy. In this case, the lower
 
 *334
 
 court instructed the jury to disregard a provision in the policy which required appellees to either repair or purchase a replacement for the organ prior to receiving the replacement value of the item. In particular, the court found the provision oppressive and unfair since it required appellees to expend a large sum of money prior to a liability determination. Appellant, however, objected to this instruction, arguing that the policy provision was binding and that appellees were only eligible to collect the actual cash value of the organ as provided by the policy. This objection was denied by the lower court.
 

 In a single intertwined argument, appellant now proffers the following three issues:
 

 1. Is a clause in a property insurance policy void as against public policy or void as unconscionable when the clause limits the insurer’s liability to actual cash value of the property unless replacement has been made?
 

 2. Can a court modify a limitation on recovery contained in an insurance contract when the limitation is clear and unambiguous?
 

 3. When an insurance contract contains clear and unambiguous language limiting recovery for property loss to actual cash value unless replacement has been made, can an insured recover full replacement costs when she has neither replaced the property, pleaded that she intends to replace the property, nor testified that she intends to replace the property?
 

 We reject these contentions for the reasons outlined below.
 

 Citing our supreme court’s seminal decision of
 
 Standard Venetian Blind Co. v. American Empire Ins. Co.,
 
 503 Pa. 300, 469 A.2d 563 (1983), appellant argues that the lower court erred in failing to follow “clear and unambiguous” language of the insurance policy. Moreover, appellant claims that the policy limitation is neither void as against public policy nor unconscionable. We disagree.
 

 Reviewing the record, we find that the policy provided as follows:
 

 
 *335
 
 We agree to extend Coverage C to cover the replacement value of covered personal property.
 

 1. Definition — Replacement value means the cost to repair or replace the property with new property of equivalent kind and quality to the extent practicable, without deduction for depreciation.
 

 3. Our Limit of Liability — We pay the lesser of the following amounts for each covered item:
 

 c. the replacement value of the property as defined in this endorsement.
 

 4. When the replacement value is more than twice the actual cash value of the damaged property, we are not liable for more than the actual cash value of the loss until actual repair or replacement is completed.
 

 5. You may make a claim for the actual cash value amount of the loss before repairs are made or replacement is completed. A claim for an additional amount payable under this provision must be made within 180 days after the loss.
 

 In this case, the parties stipulated to estimate the actual cash value of the organ at five thousand seven hundred dollars ($5,700). Appellees, however, sought a judgment in excess of twenty thousand dollars ($20,000). Since this amount exceeded twice the actual cash value of the organ, appellant argued that the jury could only award appellees the actual cash value of the organ since the insured failed to repair or replace the item prior to receiving the replacement value as required by paragraph 4 of the policy. As noted
 
 supra,
 
 the court rejected this contention, finding the requirement unconscionable. We agree.
 

 In
 
 Standard Venetian Blind, supra,
 
 our supreme court declared that “where ... the language of the contract is clear and unambiguous, a court is required to give effect to that language."
 
 Id.,
 
 508 Pa. at 807, 469 A.2d at 566
 
 *336
 
 (citations omitted). Unfortunately for appellant, however, the court also stated in that seminal case that “in light of the manifest inequality of bargaining power between an insurance company and a purchaser of insurance, a court may on occasion be justified in deviating from the plain language of a contract of insurance.”
 
 Id.,
 
 503 Pa. at 307, 469 A.3d at 567.
 

 Citing 13 Pa.C.S. § 2302, our supreme court explained in
 
 Standard Venetian Blind
 
 that a “court may refuse to enforce a contract or any clause of contract if [the] court as a matter of law deems the contract or any clause of the contract to have been unconscionable at the time it was made.”
 
 Id.,
 
 503 Pa. at 307, 469 A.2d at 567 (quotation marks omitted). Inquiries concerning whether a contract or clause is unconscionable are properly a question of law for the court.
 
 Bishop v. Washington,
 
 331 Pa.Super. 387, 399, 480 A.2d 1088, 1094 (1984) (citations omitted). With regard to such inquiries, we also noted in
 
 Koval v. Liberty Mutual Insurance Company,
 
 366 Pa.Super. 415, 531 A.2d 487 (1987), as follows:
 

 The test of unconscionability is two-fold. First, one of the parties to the contract must have lacked a meaningful choice about whether to accept the provision in question. Second, the challenged provision must unreasonably favor the other party to the contract.
 

 Id.,
 
 366 Pa.Superior Ct. at 423-24, 531 A.2d at 491 (citations and quotation marks omitted).
 

 With regard to the first prong of the
 
 Koval
 
 test, we have previously noted that “insurance contracts are generally contracts of adhesion ... the parties are usually not of equal bargaining power and the buyer must adhere to the terms of a form contract which are not negotiable.”
 
 Bishop, supra,
 
 331 Pa.Superior Ct. at 400, 480 A.2d at 1094 (1984) (citations omitted). Such is the case here.
 

 Next, we find that the second prong of the
 
 Koval
 
 test is also met: the challenged provision unreasonably favors appellant. Since appellant denied liability, appellees were faced with the unsavory choice of either accepting the lower actual cash value of the organ or expending a large sum of
 
 *337
 
 money in replacement costs without a guarantee of reimbursement. In fact, under the terms of the contract, appellees could have only received replacement value in this instance after expending the replacement or repair funds and obtaining a judicial determination concerning liability. Thus, applying the teachings of
 
 Standard Venetian Blind
 
 and
 
 Koval
 
 to the instant case, we find the replacement requirement unconscionable despite the clear and unambiguous language of the policy.
 

 Judgment affirmed.
 

 CAVANAUGH, J. dissents.