813 F.Supp. 332 (1993)
FIDELITY FEDERAL SAVINGS AND LOAN ASSOCIATION; Wilmington Savings Fund Society, FSB; and Star States Pennsylvania, Plaintiffs,
v.
Armondo FELICETTI; Louis Scarcia; Louis A. Iatarola, individually; Louis A. Iatarola, Realty Appraisal Group, Ltd.; and Fidelity and Deposit Company of Maryland, Defendants.
Civ. A. No. 92-0643.
United States District Court, E.D. Pennsylvania.
February 5, 1993.
*333 Raymond McGarry, Thomas L. Van Kirk, Buchanan Ingersoll Professional Corp., Philadelphia, PA, for plaintiffs.
Anjali Jesseramsing, Robert M. Boote, Ballard, Spahr, Andrews and Ingersoll, Antoinette R. Stone, Buchanan Ingersoll Professional Corp., Philadelphia, PA, for Armondo Felicetti, Louis Scarcia.
Roberta D. Liebenberg, Donald K. Joseph, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, PA, for Louis A. Iatarola, Louis A. Iatarola, Realty Appraisal Group Ltd.
S. Gordon Elkins, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for Fidelity and Deposit Co. of Maryland.

MEMORANDUM
JOYNER, District Judge.
Presently before the court is plaintiff Fidelity Federal Savings and Loan Association's ("FidFed") Motion for Reconsideration of our October 5, 1992 Order in which we granted summary judgment in favor of defendant, Fidelity and Deposit Company of Maryland ("F & D"). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985).
Plaintiff brought this action against F & D for breach of contract for failure to pay insurance proceeds under a fidelity bond and for declaratory judgment. The underlying allegations of fact involve various breaches of fiduciary duty and acts of fraud and misrepresentation by co-defendants Armondo Felicetti, Louis Scarcia and Louis Iatarola, the president, vice president and appraisal agent of FidFed, respectively, *334 which caused FidFed to sustain substantial losses. FidFed sought to collect proceeds under a fidelity bond entered into between F & D and FidFed on September 12, 1989. The application for this bond was completed by Mr. Felicetti who, in response to Question 16 which required the applicant to list "all losses sustained in the past three years ...", listed just one loss in the amount of $2,000.00 of unknown origin.
In its motion for summary judgment, F & D contends that it is entitled to rescind the bond because plaintiff, through Felicetti, made misrepresentations of material fact on the bond by failing to list the losses caused by himself and Messrs. Scarcia and Iatarola. Under the terms of the bond, such a knowing misrepresentation would subject the bond to rescission.
In deciding the motion for summary judgment, we applied basic principles of agency law to decide that any knowledge that Mr. Felicetti had regarding losses caused by him at the time he signed the bond application could be imputed to FidFed, thereby making the bond rescindable. However, we concluded that the record available to us at that time did not dispositively establish that Felicetti knew on September 12, 1989 when he signed the application that he had caused the losses subsequently discovered and sustained by FidFed. Nevertheless, among the documents produced by FidFed in opposition to the motion for summary judgment were Classification Lists, one of which listed a reported loss on the Hilton Loan which was known to exist at the time the bond application was signed. Based on Mr. Felicetti's failure to include this one known loss, we granted F & D's motion for summary judgment.
FidFed has asked this court to reconsider our October 5, 1992 decision on three grounds. First, FidFed argues that Question 16 of the application required the applicant to list only those losses which would be covered by the bond, not all losses sustained by the insured in the preceding three years. Second, FidFed argues that F & D is collaterally estopped from proffering any interpretation of what losses the application required to be listed by the case of Fidelity & Deposit Company of Maryland v. Hudson United Bank, 653 F.2d 766 (3d Cir.1981). Lastly, FidFed contends that F & D had failed to establish that the omission of the one known loss was material to F & D's decision to issue the policy. In the alternative, FidFed requests that we certify our October 5, 1992 decision for appeal.
For the following two reasons, we will grant FidFed's request for reconsideration and thereby modify our October 5, 1992 decision so as to deny F & D's motion for summary judgment.
First, FidFed avers that we improperly construed Question 16 of the Bond application to require that the applicant list all losses sustained by the insured during the prior three years. FidFed correctly draws our attention to the case of Fidelity & Deposit Co. of Maryland v. Hudson United Bank, 653 F.2d 766 (3d Cir.1981). In Hudson United Bank, F & D sought rescission of a banker's blanket bond, the application for which contained a question regarding prior losses almost identical to that involved in this case. In concluding that F & D was entitled to rescind the bond, the court of appeals first noted that the parties had agreed that the losses required to be listed on the application were only those losses that would be covered by the fidelity bond. The court continued to conclude that the insured's construction of the question, that the applicant need only list information pertaining to covered losses that had actually been filed with the bank's insurance carrier, was reasonable. Hudson United Bank, 653 F.2d at 772.
Because the Hudson United Bank case has considerable dissimilarities to the case at hand, we decline to apply the theory of collateral estoppel.[1] However, *335 we do conclude that the theory of stare decisis necessitates that we heed the findings of Hudson United Bank. In light of Hudson United Bank, FidFed has convinced the court that Question 16 is susceptible to different interpretations. Thus, under the basic principle that any ambiguities or uncertainties in language are construed strictly against the insurer and in favor of coverage, Worldwide Underwriters Ins. Co. v. Brady, 973 F.2d 192 (3d Cir.1992), we too find that FidFed's construction of Question 16 is reasonable. However, we note that FidFed has simply raised an issue of fact regarding the meaning of Question 16 for the purpose of defeating a motion for summary judgment. On the record before us we cannot conclude as a matter of law that this is the correct meaning to be attributed to the question. The precise meaning attributable to Question 16 remains for a jury determination.
Second, this court erred in determining that the bond was subject to rescission for failure to list the Hilton Loan loss on the bond application. In order to rescind a bond for misrepresentation, the insurer must establish three elements: (1) that the declaration by the insured was false; (2) that the false declaration was material to the risk insured; and (3) that the insured knew it to be false. Lotman v. Security Mut. Life Ins. Co., 478 F.2d 868 (3d Cir.1973); Guida v. Underwriters at Lloyd's, 563 F.Supp. 1015 (E.D.Pa.1983). In our October 5, 1992 decision we addressed only the first and third elements. F & D failed to include any evidence in the form of an affidavit or otherwise that the misrepresentation as to the Hilton Loan loss on the application was material to the risk involved. Under Pennsylvania law a misrepresentation of fact is material if it would have caused the insurer to refuse to issue the policy altogether or to demand higher premiums. New York Life Ins. Co. v. Johnson, 923 F.2d 279 (3d Cir.1991); A.G. Allebach, Inc. v. Hurley, 373 Pa.Super. 41, 540 A.2d 289, 373 (1988). Without evidence to support the second element, our conclusion as to the materiality of Felicetti's misrepresentation on the bond application was in error.
Because of our decision on the motion for reconsideration, we need not address FidFed's alternative motion for certification for appeal.
An Appropriate order follows.

ORDER
AND NOW, this 5th day of February, 1993 upon consideration of plaintiff Fidelity Federal Savings and Loan Association's Motion for Reconsideration of this court's October 5, 1992 decision and defendant Fidelity and Deposit Company of Maryland's response thereto, it is hereby ORDERED that plaintiff's motion is GRANTED and this court's decision of October 5, 1992 is MODIFIED to conform to the accompanying Memorandum of Law.
NOTES
[1] The district courts have broad discretion in deciding whether to apply the doctrine of collateral estoppel. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979). The doctrine consists of four elements: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in the prior adjudication. Temple University v. White, 941 F.2d 201, 212 (3d Cir.1991). Our decision not to apply the doctrine in this case stems from our concern over the fact that Hudson United Bank was decided under New Jersey law, rather than Pennsylvania law, the parties to that litigation agreed to the construction advanced by FidFed in this case and, lastly, the terms and coverage provided of the bond in Hudson United Bank differed from the bond in this case.