Donna Sue RUSSELL, Appellant,

v.

CRITERION INSURANCE
COMPANY, Appellee.

No. S–6891.

Supreme Court of Alaska.

April 26, 1996.

Rehearing Denied June 3, 1996.

Brett von Gemmingen, Anchorage, for Appellant.

Clyde E. Sniffen, Jr. and Clay A. Young, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, for Appellee.

## OPINION

COMPTON, Chief Justice.

In this case, the superior court was called upon to determine whether an endorsement limiting liability coverage under an insurance policy provides the clear disclosure required by law. The superior court concluded that it does. We affirm.

## I. FACTS AND PROCEEDINGS

Donna Sue Russell was injured in an automobile collision while a passenger in a car driven by Amanda Harris. She filed suit against Harris for her injuries. Harris's liability insurance carrier, Criterion Insurance Company (Criterion), moved to intervene in this suit. Criterion sought intervention because "a dispute has arisen between Criterion and the parties concerning the validity and interpretation of a restrictive endorsement to the liability insurance policy." The endorsement purports to limit Criterion's obligation to pay attorney's fees awarded

against Criterion's insured pursuant to Alaska Civil Rule 82.[1]

The endorsement at issue provides:

Section I, Number 2 of the *Additional Payments CRITERION CASUALTY Will Make Under the Liability Coverage* is amended to read as follows:

2. All court costs charged to an insured in a covered lawsuit, except that attorney fee payments shall in no case exceed the amount that could be awarded in accordance with the percentage schedule specified in Alaska Civil Rules of Procedure 82(a)(1)[2] in a case in which a judgment equal to the liability policy limit or limits applicable to the loss is rendered.

If a judgment is rendered against *you* in excess of *your* policy limits, *you* will be responsible for attorney fees awarded under Rule 82(a)(1) which exceeds [sic] that which would be allowable if judgment rendered were within *your* policy limits.

(emphasis in original). Absent the endorsement, Criterion's policy would provide for the payment of "[a]ll court costs charged to an insured in a covered lawsuit," which would include any attorney's fees awarded against the insured.[3] As amended by the endorsement, however, the policy would only obligate Criterion to pay attorney's fees as a percentage of that part of a judgment that falls within the $50,000/100,000 bodily injury liability coverage limit contained in Harris's policy; Criterion would not be obligated to pay attorney's fees on that part of a judgment that exceeds this coverage limit.

In its motion to intervene, Criterion requested from the superior court a "proper interpretation" of the amendatory endorsement; it also requested, "if necessary, that the Rule 82 endorsement issue be decided separately from and prior to the trial or other resolution" of Russell's suit against Harris. The superior court granted Criterion's motion to intervene and to sever the endorsement issue from the personal injury action.

Criterion moved for summary judgment. The superior court granted its motion, concluding that the endorsement "clearly and unambiguously limits the amount Criterion is obligated to pay for any Rule 82 attorney's fees awarded against Harris in this case to the amount awardable under Rule 82 on a judgment equal to the policy's coverage limit." The court entered partial final judgment pursuant to Alaska Civil Rule 54(b). Russell appeals, claiming that the limiting language contained in the endorsement to Harris's policy is ineffective, and that Criterion therefore must abide by its prior assumption of the obligation to pay the full amount of any fee award against Harris.

---

**1.** **Rule 82. Attorney's Fees**

(a) **Allowance to Prevailing Party.** Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule.

|  | Judgment and, if awarded, Prejudgment Interest | Contested With | Contested Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $ 25,000 | 20% | 18% | 10% |
| Next | $ 75,000 | 10% | 8% | 3% |
| Next | $400,000 | 10% | 6% . | 2% |
| Over | $500,000 | 10% | 2% | 1% |

. . . .

(3) The court may vary an attorney's fee award calculated under subparagraph (b)(1) . . . if, upon *consideration of* [various factors], the court determines a variation is warranted. . . .

**2.** Prior to July 15, 1993, the percentage schedule governing attorney's fee awards was set forth at Alaska Civil Rule 82(a)(1). Thus, the endorsement's reference to Rule 82(a)(1) instead of Rule 82(b)(1) accurately identifies the schedule, both

(b) **Amount of Award.**

(1) The court shall adhere to the following schedule in fixing the award of attorney's fees to a party recovering a money judgment in a case:

as of the 1989 date of the endorsement itself and during the coverage period in which the February 1993 automobile accident took place.

**3.** Insurance contracts that obligate insurers to pay unlimited court costs are construed to obligate the insurers "to pay Rule 82 attorney's fees as an additional item of policy coverage on the full amount of a jury verdict rendered against the insured defendant." *Schultz v. Travelers Indem. Co.,* 754 P.2d 265, 267 (Alaska 1988).

## II. *DISCUSSION*

Insurers may limit their obligation to pay prevailing party attorney's fees awarded against their insureds, so long as the limit is not "less than the amount which would be allowed under Civil Rule 82(a)(1) to the prevailing party in a contested case if the amount recovered were equal to the liability limit of the policy." 3 AAC 29.010(a).[4] In order to limit coverage of fee awards in this manner, however, an insurer must make two clear disclosures to the insured: (1) it must clearly disclose the limitation itself, and (2) it must clearly disclose the insured's potential liability for attorney's fees if the judgment exceeds the liability limits of the policy. 3 AAC 29.010(d).[5]

■ The question of what constitutes a clear disclosure within the meaning of 3 AAC 29.010(d) is a question of law; we are not bound by the lower court's decision but will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979). Furthermore, we review summary judgments *de novo. Dayhoff v. Temsco Helicopters, Inc.,* 848 P.2d 1367, 1369 (Alaska 1993).

■ We hold that the language of the Criterion endorsement does provide the clear disclosure required by 3 AAC 29.010(d). First, the endorsement clearly discloses the limitation itself, stating that "attorney fee payments shall in no case exceed the amount that could be awarded in accordance with the percentage schedule specified in Alaska Civil Rules of Procedure 82(a)(1) in a case in which a judgment equal to the liability policy limit or limits applicable to the loss is rendered." Second, the endorsement clearly discloses the insured's potential liability for any attorney's fees awarded beyond this limitation, even emphasizing this risk of personal

liability with underlining: "[I]f a judgment is rendered against *you* in excess of *your* policy limits, *you* will be responsible for attorney fees awarded under Rule 82(a)(1) which exceeds [sic] that which would be allowable if judgment rendered were within *your* policy limits."

Russell argues that one way in which Criterion denies its insureds a full and clear disclosure of the limitation is by not including the Alaska Civil Rule 82(a)(1) percentage schedule within the endorsement, or otherwise informing the insureds that "a surcharge of 20% of amounts up to $25,000 and 10% of amounts above $25,000, are regularly added to a judgment against the insured." In support of this argument, Russell cites two cases, *Worldwide Underwriters Insurance Co. v. Brady,* 973 F.2d 192 (3rd Cir. 1992), and *Leibrand v. National Farmers Union Property & Casualty Co.,* 272 Mont. 1, 898 P.2d 1220 (1995).

In *Worldwide,* the court applied a clarity requirement from Pennsylvania law and concluded that a policy clause that limited liability coverage for members of the insured's family who are involved in an accident to "the limits of liability required by the Pennsylvania Motor Vehicle Responsibility Law of 1984" was unclear because this clause did not "disclose that the minimum coverage mandated by the [law] was $15,000." *Id.* at 195–96. The court observed:

> In order to be informed of the limitation imposed by this clause as the insurer intended, [the insured] would be compelled to travel beyond the four corners of the policy, presumably to the nearest law library or lawyer, to realize that the language of the policy, citing to the Motor Vehicle Financial Responsibility Law, imposed a $15,000 recovery of benefits cap on injuries received by family members.

**4. 3 AAC 29.010. SUPPLEMENTARY PAYMENTS.** (a) Any policy form subject to the requirements of AS 21.42 which provides defense, settlement, or supplementary payments, may limit payments of attorney fees taxed against the insured as costs under Rule 82 of the Alaska Rules of Civil Procedure. The limit may not be less than the amount which would be allowed under Civil Rule 82(a)(1) to the prevailing party in a contested case if the amount recovered were

equal to the liability limit of the policy. This limit must be in addition to the otherwise applicable limit of liability in the policy.

**5.** (d) An insurer limiting coverage as permitted in (a) of this section must clearly disclose to its insured the limitation and the insured's potential liability for attorney fees if judgment exceeds the liability limits of the policy.

Pennsylvania does not place such an affirmative burden on purchasers of insurance—rather the insurer has the duty to write its policies in a clear and intelligible fashion.

*Id.* at 196.

*Worldwide* is distinguishable from the present case. The clause at issue in *Worldwide* was particularly vulnerable because it did not even "inform the insured that full coverage for his family members was compromised." *Id.* In contrast, the language contained in Criterion's amendatory endorsement does *inform* the insured that coverage of attorney's fees beyond those awardable as a percentage of a judgment equal to coverage limits is being compromised, as is the insured's security from personal liability for uncovered attorney's fees. While the reference to the Pennsylvania law in the *Worldwide* policy obscured the substantial limitation expressed in the reference, Criterion's reference to Alaska Civil Rule 82(a)(1) is contextualized within a clear disclosure of both the coverage limitation and the insured's potential personal liability for attorney's fees.[6]

Like *Worldwide, Leibrand* is also distinguishable. In *Leibrand,* the Montana Supreme Court found ambiguity in two separate endorsements that sought to limit coverage to "the limits of liability required by law." 898 P.2d at 1221–22, 1225–26. One of the shortcomings of the endorsements that the court found objectionable was the lack of "any citation to the state law on which the liability limit is based." *Id.* at 1225. The most obvious implication of this objection is that had the endorsements provided a specific reference to the law on which their liability limitations were based, this reference might have saved these endorsements.

Because Criterion's endorsement clearly discloses both the limitation on coverage and the insured's potential personal liability for attorney's fees, it meets the requirements of 3 AAC 29.010(d). It effectively limits Criterion's coverage of attorney's fees awarded against its insured.

### III. CONCLUSION

We AFFIRM the judgment of the superior court.

EASTAUGH and SHORTELL, JJ., *pro tem,*[*] not participating.

---

**6.** Insofar as the court in *Worldwide* agreed with the district court's conclusion that the policy limitation at issue was rendered unclear by a "failure to disclose the dollar amount limit," 973 F.2d at 196, we decline to follow its reasoning in the case before us. The $15,000 amount of the limitation at issue in *Worldwide* could have been expressed quite simply. Expressing the dollar amount of a coverage limitation on Civil Rule 82 attorney's fees is a less simple matter, however, as this amount will vary depending on a number of factors, including the insured's policy limits, whether the case is contested, and whether a departure from the schedule is warranted.

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.