

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2009

# Lucey v. FedEx Ground Pkg Sys

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lucey v. FedEx Ground Pkg Sys" (2009). *2009 Decisions.* Paper 2061.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2061

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 07-4372
———————

RICHARD LUCEY; FRANCIS DENNIS LYNCH;
DAVID MCMAHON; JAMES HOUGH;
MICHAEL MCKENZIE; FRANK CUCINOTTI

v.

FEDEX GROUND PACKAGE
SYSTEMS, INC.,

Appellant
———————

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 06-cv-03738
District Judge: The Honorable Renee M. Bumb
———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2008

Before: MCKEE, SMITH, and ROTH, *Circuit Judges*

(Filed: January 08, 2009)
———————

OPINION
———————

SMITH, *Circuit Judge.*

FedEx Ground Package System, Inc.[1] ("FedEx") contracted with Richard Lucey, Francis Dennis Lynch, David McMahon, Michael McKenzie, Frank Cucinotti, and James Hough (collectively, the "Plaintiffs") to serve as package delivery drivers.[2] An Operating Agreement signed by each individual driver and FedEx governed the relationship. The Operating Agreement contained, *inter alia*, a provision requiring the driver-signatory to submit all claims arising from the termination of the relationship to arbitration. FedEx terminated the contracts of each driver between 2004–2005. While three of the Plaintiffs began arbitration proceedings, all six Plaintiffs filed suit to challenge the arbitration provision before an arbitrator decided any claim.

An arbitration agreement will be upheld unless there is a legal or equitable ground that would invalidate a contract. 9 U.S.C. § 2; 42 Pa. Cons. Stat. § 7303. To make this determination, courts look to state law. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002). Plaintiffs here argue that the arbitration provision in the Operating

_____

[1] FedEx notes that it was improperly pled as FedEx Ground Package Systems, Inc.

[2] The District Court exercised diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). This Court has jurisdiction pursuant to 9 U.S.C. § 16. We exercise plenary review over questions regarding the enforceability of the agreement to arbitrate. *Lloyd v. Hovensa, LLC,* 369 F.3d 263, 273 (3d Cir. 2004). We review any findings of fact, on which the District Court predicated its decision, pursuant to a clearly erroneous standard. *Id.* (quoting *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.,* 247 F.3d 44, 53–54 (3d Cir. 2001)).

Agreement is unconscionable. Under Pennsylvania law,[3] an arbitration provision is unenforceable on the grounds of unconscionability if two elements are met: (1) "the contractual terms are unreasonably favorable to the drafter," and (2) "there is no meaningful choice on the part of the other party regarding acceptance of the provisions." *Worldwide Underwriters Ins. Co. v. Brady*, 973 F.2d 192, 196 (3d Cir. 1992) (citing *Koval v. Liberty Mut. Ins. Co.*, 531 A.2d 487, 491 (Pa. Super. Ct. 1987)). The first element is referred to as substantive unconscionability, while the second is known as procedural unconscionability. The District Court found that both elements were met, and held that the arbitration agreement was unconscionable as a result.

The District Court found that the Plaintiffs lacked a meaningful choice to enter into the arbitration provision of the Operating Agreement. It noted that FedEx presented the Operating Agreement to the Plaintiffs shortly before they began their jobs, at which point each driver had leased a delivery truck and was financially committed to the position, and that Plaintiffs did not have an opportunity to read, review, or negotiate the terms of the agreement. While FedEx does not contest that the Plaintiffs were presented with the Operating Agreement only after each driver leased a delivery truck, it argues that the Plaintiffs did not take "reasonable steps to obtain a copy of the arbitration agreement

---

[3]     The District Court correctly noted that "Federal courts sitting in diversity look to the law of the forum state in making a choice of law determination." New Jersey law states that a contractual choice of law provision will be upheld unless doing so would violate its public policy. In this case, the Operating Agreement contained a provision that Pennsylvania law governs the agreement. Because there is no evidence or argument that the application of Pennsylvania law would offend the public policy of New Jersey, the District Court appropriately applied Pennsylvania law.

or reasonably avail[] themselves of the opportunity to inquire and learn about the provisions of the arbitration agreement" prior to undertaking this financial commitment. It argues that this Court's decision in *Zimmer v. Cooperneff Advisors, Inc.*, 523 F.3d 224 (3d Cir. 2008), prohibits parties from sitting on their hands prior to the enactment of an agreement and instead requires that they actively seek to obtain and negotiate the agreement. This argument is unavailing.

This Court's decision in *Zimmer* was premised on its factual background. *Zimmer* concerned an employment contract between Steven Zimmer, a Harvard-educated economist, and a trading and investment firm. *Id.* at 225. Zimmer argued that he did not make a meaningful choice to enter into the agreement because the agreement was presented to him only after he began working for the firm. *Id.* at 226–27. This Court rejected this argument, noting that Zimmer had significant bargaining power, not only because he was highly educated, but also because he had numerous job opportunities. *Id.* at 229. Our decision was also premised on the fact that Zimmer was aware that his employment was contingent on the negotiation of an employment agreement and that either party could terminate those negotiations. *Id.* We specifically distinguished this case from one in which a party with a limited educational background, narrow options for employment, and little bargaining power is presented with an agreement on a take-it-or-leave it basis. *Id.* On the facts of the present case, where FedEx drafted the arbitration provision and presented it to Plaintiffs with little to no bargaining power on a take-it-or-leave it basis, we cannot equate an opportunity to review the agreement with a meaningful

4

choice to accept its terms.

Because FedEx concedes that it has not placed substantive unconscionability at issue in its appeal, this argument is deemed waived. Accordingly, because we do not find error in the District Court's conclusion that the agreement is procedurally unconscionable and there is no argument as to substantive unconscionablity, we will affirm the District Court's conclusion that both elements of unconscionability are met.

FedEx also argues that the District Court erred by not confirming an arbitration award against McMahon. McMahon submitted his claim to arbitration in 2005. In April 2006, McMahon and FedEx participated in an arbitration preliminary status hearing, at which point they agreed to an arbitration hearing in July 2006. In May 2006, McMahon sought a stay in the arbitration proceeding, notifying the arbitrator that he was seeking a judicial determination regarding the validity of the agreement. FedEx opposed this request, and the arbitrator denied the stay in light of the parties' failure to agree. The arbitrator proceeded according to the schedule approved during the preliminary status hearing. FedEx subsequently filed a motion to dismiss McMahon's arbitration claim on the ground that it was untimely, and McMahon did not respond. On June 6, 2006, the Plaintiffs, including McMahon, filed the present federal action arguing that the arbitration provision was unconscionable. Three days later, the arbitrator dismissed McMahon's claim. FedEx argues that McMahon's failure to file a motion to vacate the arbitrator's decision results in the waiver of his unconscionability claim. This argument must fail.

5

In cases challenging whether an issue is subject to arbitration, we have held that a "party [who] voluntarily submits an issue to arbitration without challenging the arbitrability of that issue" may be deemed to have waived judicial review. *Pa. Power Co. v. Local 272, Int'l Bhd. of Elec. Workers*, 886 F.2d 46, 50 (3d Cir. 1989). In this case, however, McMahon clearly raised his objection to arbitration and the validity—and thus arbitrability—of the agreement. Accordingly, "where a party objects to arbitrability but nevertheless voluntarily participates in the arbitration proceedings, waiver of the challenge to arbitral jurisdiction will not be inferred." *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1510 (3d Cir. 1994).

Finally, FedEx argues that the District Court erred by not dismissing McKenzie's claim. In March 2007, Plaintiffs' attorneys notified the District Court of McKenzie's death. Plaintiffs have not filed a motion for substitution, and FedEx argues that McKenzie's claim must be dismissed as a result.

The Federal Rules of Civil Procedure state that "[i]f a motion [for the substitution of a deceased party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Though FedEx did not raise this issue in its motions to the District Court, it filed those motions during the pendency of the 90-day period for substitution. Because the Plaintiffs notified the District Court on March 13, 2007 of McKenzie's death and there has not been a motion for substitution as required by Rule 25(a), we will reverse the portion of the District Court's order as it relates to McKenzie's claim.

6

For the reasons discussed above, we will affirm the District Court's judgment with regard to the unconscionability of the arbitration proceeding and McMahon's claim, but we will reverse its decision as it applies to McKenzie's claim.