**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0106-17T2

CHRISTOPHER COX,

      Plaintiff-Appellant,

v.

KRYSTAL TOMASSO, NJM
INSURANCE GROUP, and/or
NEW JERSEY REINSURANCE
GROUP,

      Defendants,

and

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

      Defendant-Respondent.

_____

Argued October 11, 2018 – Decided November 1, 2018

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1585-16.

Joseph P. Grimes argued the cause for appellant.

Malcolm I. McPherson argued the cause for respondent (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Malcolm I. McPherson, of counsel and on the brief).

PER CURIAM

Plaintiff Christopher Cox appeals from a June 23, 2017 order granting summary judgment in favor of defendant, New Jersey Manufacturers Insurance Company (NJM).[1] We affirm.

Plaintiff was injured when a car driven by Krystal Tomasso struck the motorcycle he was riding. Plaintiff had insured his motorcycle through Rider Insurance Company (Rider) under a policy with a $15,000 liability limit, which was $10,000 less than the $25,000 limit Tomasso had on her car. Thus, Tomasso's vehicle was not underinsured compared to the coverage on plaintiff's motorcycle. See N.J.S.A. 17:28-1.1(e)(1) (defining underinsured motor vehicle).[2]

However, plaintiff sought underinsured motorist (UIM) benefits under a $500,000-limit policy he had obtained from NJM to cover his pick-up truck.

---

[1] The complaint improperly named two other entities in addition to NJM.

[2] Tomasso tendered the $25,000 available under her policy, and plaintiff settled with her before filing his notice of appeal.

The liability section of the NJM policy specifically stated that NJM did not provide liability coverage for "the ownership, maintenance or use" of any vehicle with fewer than four wheels. In other words, NJM did not provide liability coverage for plaintiff's motorcycle, or for plaintiff while he was riding a motorcycle.[3] Hence, he obtained a separate policy from Rider to cover his motorcycle. Plaintiff was the named insured on that policy.

The UIM section of the NJM policy (paragraph A.7.) explicitly excluded coverage for plaintiff "[w]hile occupying any vehicle insured by another motor vehicle policy in which you or a family member are a named insured." That provision further stated: "However, this exclusion . . . does not affect UM/UIM coverage for minimum limits required by New Jersey law for liability coverage as set forth in N.J.S.A. 39:6A-3."[4] NJM denied plaintiff's UIM claim on the basis of this exclusion, because he was the named insured on the Rider motorcycle policy, and Tomasso's vehicle had limits higher than the $15,000 minimum required by law.

---

[3] The exclusion had an exception, not relevant here, for use of a vehicle in a medical emergency.

[4] This statutory section, which was underlined in the policy, requires minimum liability coverage of $15,000 per person injured. N.J.S.A. 39:6A-3(a).

A-0106-17T2

The trial judge granted NJM summary judgment, reasoning that the policy exclusion was unambiguous and was clearly applicable to plaintiff's situation. He also concluded that the exception for the minimum required limits for liability coverage did not render the exclusion ambiguous. The trial judge rejected plaintiff's argument that the NJM Buyer's Guide created an ambiguity in the policy.

On this appeal, plaintiff presents the following points of argument:

> Point One: NJM's Policy as Exclusion [A.]7 is unclear, ambiguous, contrary to the reasonable expectations of the insured and contrary to public policy.
>
> Point Two: The lower Court erred in failing to find that the Buyer's Guide provided by Insurer which did not mention the UIM step down provisions of the policy conflicted with Insurer's policy language thereby creating an ambiguity regarding the enforceability of the step-down provision.
>
> Point Three: The lower Court erred in finding that UIM coverage follows the vehicle and not the insured.

On appeal, we owe no deference to the trial court's legal interpretations, including the interpretation of an insurance contract. See Polarome Int'l, Inc. v. Greenwich Ins. Co., 404 N.J. Super. 241, 259-60 (App. Div. 2008). Having engaged in de novo review, we find no merit in any of plaintiff's arguments. We affirm substantially for the reasons stated by the trial judge, and for the reasons

4

stated in this opinion. Except as addressed herein, plaintiff's appellate arguments are without sufficient merit to warrant additional discussion. R. 2:11-3(e)(1)(E).

In construing an insurance policy, we bear in mind that insurance policies are contracts of adhesion drafted by experts but read by consumers who are lay persons. See Polarome, 404 N.J. Super. at 258. Accordingly, we strive to give effect to the insured's reasonable expectations, and we construe genuinely ambiguous clauses favorably to the insured. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 200, 205 (2016). Nonetheless, an "insurance policy that is clear and unambiguous should be enforced as written." Universal Underwriters Ins. Co., Recreational Prod. Ins. Div. v. N.J. Mfrs. Ins. Co., 299 N.J. Super. 307, 312 (App. Div. 1997). If the policy's plain language is unambiguous, "we will not 'engage in a strained construction to support the imposition of liability' or write a better policy for the insured than the one purchased." Templo, 224 N.J. at 200 (citation omitted). We agree with the trial judge that the NJM policy is not genuinely ambiguous, and the trial judge's interpretation of the policy is consistent with the insured's reasonable expectations.

A-0106-17T2

Plaintiff misplaces reliance on <u>Worldwide Underwriters Insurance Co. v. Brady</u>, 973 F.2d 192 (3d Cir. 1992), a case he cites in support of an argument presented to us for the first time in his reply brief. <u>Worldwide</u> concerned a liability insurance policy that contained an exclusion for injuries to family members of the insured. <u>Id.</u> at 192. The Supreme Court of Pennsylvania had previously found the exclusion violated the public policy underlying that state's insurance statutes.[5] <u>Id.</u> at 192-93 n.2. However, the Pennsylvania Insurance Department later permitted the exclusion so long as it provided at least the minimum coverage required by state law. <u>Id.</u> at 193. Reflecting that exception, the policy language read as follows:

> We do not provide Liability Coverage for any person for bodily injury to you or any family member to the extent that the limits of liability for this coverage exceed the limits of liability required by the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984.
>
> [<u>Ibid.</u>]

The Third Circuit concluded that because the exclusion did not reveal "the dollar amount limit" set forth in the cited statute, the policyholder would have

---

[5] New Jersey courts have reached a similar conclusion with respect to auto insurance policies. <u>See</u> <u>Zacarias v. Allstate Ins. Co.</u>, 168 N.J. 590, 599 (2001) (citing <u>Kish v. Motor Club of Am. Ins. Co.</u>, 108 N.J. Super. 405 (1970)).

A-0106-17T2

no idea what the clause meant. Id. at 196. The court further reasoned: "[c]onsidering, as we should, the document as a whole, we find that the exclusion does not inform the insured that full coverage for his family members was compromised." Ibid. (citation omitted). Relying on Worldwide, plaintiff argues that the statutory reference in the NJM policy likewise renders the A.7 exclusion ambiguous.

Worldwide is not binding on us. However, we also conclude it is not on point here. Unlike the policy provision in Worldwide, the NJM exclusion began with a complete sentence clearly stating a general exclusion. A reasonable reader would understand the exclusion as meaning that if, as here, he had insured a vehicle with another insurance company and was a named insured on that policy, NJM would not provide UIM coverage for the use of that vehicle. In that context, the second sentence, stating an exception to the exclusion, for "minimum" limits required by law, would not lead a reasonable reader to believe that NJM would provide $500,000 in UIM coverage for the use of such a vehicle.

Moreover, in Worldwide, the exclusion denied the insured one of the most central and legally-required benefits of auto insurance – liability coverage – in a way that the average reasonable consumer would not expect. By contrast, here, it should have come as no surprise to plaintiff that NJM would not provide

7

UIM coverage when he was riding a motorcycle for which he had purchased separate coverage from another insurer, particularly when the NJM policy explicitly stated that it did not cover vehicles with fewer than four wheels (e.g., motorcycles). See DiOrio v. N.J. Mfrs. Ins. Co., 79 N.J. 257, 269-70 (1979) (upholding an exclusion for a regularly-used vehicle that was not listed on the policy).

While we do not conclude that the result here is required by public policy, as opposed to by the clear wording of the A.7 clause, it is consistent with the purpose of the UIM statute, N.J.S.A. 17:28-1.1(b). That statute limits the purchase of UIM coverage to the amount of liability insurance the insured has purchased. Ibid.; see Aubrey v. Harleysville Ins. Co., 140 N.J. 397, 402 (1995). Thus, an insured can obtain more UIM coverage by buying more liability insurance. This provides greater protection for both the insured and anyone the insured injures with his or her vehicle. In buying only a minimum-liability policy for his motorcycle, which was his only liability coverage for that vehicle, plaintiff provided only $15,000 in liability protection for himself and in potential financial recovery for anyone he injured with his motorcycle. We

perceive no violation of public policy in limiting plaintiff to UIM coverage equal to the liability insurance he purchased for the motorcycle.[6]

Plaintiff's reliance on Universal is also misplaced. Universal was a dispute between two insurance companies. 299 N.J. Super. at 310-11. In that case, as here, the insured had an NJM liability policy covering his automobiles but not his motorcycle, which was separately insured by Universal Underwriters Insurance Co. (Universal). Id. at 311. The insured got into an accident while riding his motorcycle, and Universal claimed that NJM should contribute to his UIM coverage. Ibid. As here, the liability section of the NJM policy excluded liability coverage for motorcycles, i.e., for motorized vehicles with fewer than four wheels. Id. at 311-12. However, unlike this case, in Universal, the UIM section of the NJM policy had no exclusion for injury to an insured while using a vehicle insured under another policy. Id. at 313-15.

Under those circumstances, the court rejected NJM's argument that either the coverage parity provisions of N.J.S.A. 17:28-1.1(b), or the motorcycle

---

[6] We need not reach, and do not intend to address, factual situations not presented in this case. We remind readers that this opinion is unpublished, is not precedential, and per Rule 1:36-3, should not be cited by any court. See Wright v. Bank of America, N.A., __ N.J. Super. __, __ n.5 (App. Div. 2018) (slip op. at 8 n.5).

exclusion provision in the liability section of the policy would operate to limit the insured's right to UIM coverage for the motorcycle accident.[7]  Id. at 318, 322-23.  The court concluded:

> [S]ince NJM's policy provides UIM coverage for injuries sustained by an insured in an accident with an underinsured motorist, regardless of whether the vehicle the insured is occupying is insured under its policy, and NJM by its policy terms agrees to share in the loss if other insurance is applicable, NJM must participate in the loss.
>
> [Id. at 315.]

Universal is not on point here, because the NJM policy in this case has an unambiguous exclusion for situations where the insured is using a vehicle he owns, on which he is the named insured on another insurance policy.  For that reason, plaintiff's argument that UIM coverage is "linked to the injured person, not the covered vehicle," is unavailing.  (quoting Aubrey, 140 N.J. at 403).  In this case, the policy language specifically excludes UIM coverage to the injured

---

[7] Judge Landau's concurring opinion noted that, in effect, the insured "may have succeeded in buying UIM coverage for motorcycle accidents at regular automobile rates, without the knowledge of the automobile liability carrier."  Id. at 323.  Judge Landau suggested that the NJM policy could have included language specifically limiting its UIM coverage to "accidents for which liability coverage also exists" under the NJM policy.  Id. at 324.  He concurred in the result because there was no such limiting language.

person, albeit based on his use of a vehicle which he insured under a separate policy.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION